## BARTON v. OKLAHOMA, K. & M. RY. CO.

No. 12089—Opinion Filed Nov. 20, 1923.

Rehearing Denied Dec. 11, 1923.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Election of Remedies.**

Section 7302, Comp. Okla. Stat. 1921, provides that, when a workman entitled to compensation under chapter 246, Session Laws 1915, known as the "Workmen's Compensation Act," shall be injured by the negligence or wrong of another, not in the same employ, he shall elect whether to take compensation under said act or pursue his remedy against such other.

**2. Same.**

In the absence of any statutory provisions or rule of the State Industrial Commission defining what shall constitute an election as provided for in section 7302, Comp. Okla. Stat. 1921, any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election.

**3. Same—Right of Action Against Third Party After Dismissal of Claim.**

Where a workman, while performing labor for his employer, who is subject to the Workmen's Compensation Act (chapter 246, Session Laws 1915), is injured by the wrongful acts and negligence of a third party, and files a claim for compensation with the State Industrial Commission, which results in an award being made to such claimant, does so without knowledge of his right against said third party, and upon gaining knowledge of said right, and before receiving any compensation under said order, petitions the said commission to vacate said order and to dismiss his claim for compensation, and where the commission complies with said petition, held, such proceeding before the commission does not in law constitute such an election to pursue his remedy under the Workmen's Compensation Act, as provided for in section 7302, Comp. Okla. Stat. 1921, as to constitute a bar to a subsequent proceeding against said third party, in the absence of circumstances creating an equitable estoppel, and an instruction so advising the jury is erroneous and constitutes reversible error.

**4. Same.**

The question as to whether the injured workman, under the facts set forth in the preceding paragraph, had knowledge, at the time of filing and prosecuting his claim before the commission, of his right to elect whether to pursue his remedy under the Workmen's Compensation Act, or against the defendant railway company, was a question of fact to be submitted to the jury, and in the absence of such knowledge, his action against the defendant railway com-

pany would not be barred by said proceeding before the State Industrial Commission.

Error from District Court, Ottawa County; C. B. Mitchell, Special Judge.

Action by Simon Peter Barton against the Oklahoma, Kansas & Missouri Railway Company to recover damages for injuries to personal property and personal injuries to the plaintiff. Judgment for plaintiff for damages to personal property only, and plaintiff appeals. Reversed and remanded.

Shannon & Shannon, for plaintiff in error.

Ray McNaughton, for defendant in error.

MASON, J. This cause of action was commenced in the district court of Ottawa county, Okla., by the plaintiff in error, hereinafter called the plaintiff, against the defendant in error, hereinafter called the defendant, to recover damages alleged to have been caused by the negligence of the defendant in operating one of its electric cars.

Plaintiff had driven a wagon and team belonging to him on the railway track of the defendant on the 22d day of November, 1918, alongside of the manufacturing plant of the Joplin Supply Company in the city of Commerce, Okla., for the purpose of unloading a section of floor which was then on his wagon. While stationed on defendant's track, he was run into by one of defendant's electric motor cars. which inflicted upon him severe personal injuries and injured his wagon, team, and harness. At the time of said accident, plaintiff was working for the Joplin Supply Company, a corporation, subject to the provisions of the Workmen's Comensation Law of the state of Oklahoma.

Thereafter, on the 27th day of March, 1919, plaintiff filed with the State Industrial Commission a claim for compensation on account of the injuries received by him in said accident. Thereafter, the State Industrial Commission, on the 7th day of April, 1919, made an award allowing plaintiff $10 per week, beginning on the 6th day of December, 1918, and continuing until the termination of his disability.

On the 23d day of April, 1919, a letter signed by the plaintiff was filed with the State Industrial Commission wherein he set forth a statement of the accident as above set forth, and stated that, at the time of the accident, and at the time the claim for compensation was filed with the Industrial Commission, he had not been informed of his legal rights in the matter and had no knowledge of his right to elect to proceed either in that manner or against the said railway company to recover damages for the injuries sustained. He also stated that the compensation allowed under the Workmen's Compensation Law was wholly inadequate to cover his injuries and requested the commission to set said award aside and dismiss his petition.

Thereafter, on April 25, 1919, the commission made an order finding that the award had been made upon the application of the claimant without advice as to his legal rights, and that he was injured by a third party, the Oklahoma, Kansas & Missouri Railway Company, and that the claimant desired to proceed against said third party, and thereupon ordered that the award be set aside and that the claimant be permitted to proceed against said third party.

Thereafter, on the 30th day of April, 1919, plaintiff filed his petition herein to recover damages on account of said injuries received as a result of the alleged negligence on the part of the defendant. In answer to plaintiff's petition, the defendant in addition to other defense, pleaded dthat the defendant elected to take compensation against his employer, Joplin Supply Company, and its insurance carrier, for his said injuries, and that by reason of said election the plaintiff's cause of action herein was barred.

The plaintiff, in reply to defendant's answer, denied that he had made said election, but admitted that compensation had been awarded him by the Industrial Commission and that he had signed some instrument relating to his said injuries to be filed with said commission, and that the same may have been an application for compensation, but that at the time he filed said instrument he had not been informed of his right to elect to take compensation from his employer or to proceed against the defendant herein for the damages, and that he had no knowledge that he was allowed to make any such election and that he had not had the advice of an attorney and was in such a mental state, as a result of said accident, as not to be able to make a rational decision, or to understand the nature of the instrument he signed. In further reply, plaintiff alleged that, although the Industrial Commission had made an order allowing him compensation, no part of the same had ever been paid to or received by him, and that within a very few days after said order by the Industrial Commission, allowing plaintiff compensation as aforesaid, was made, it was set aside and the application for compensation was dis-

missed on petition of the plaintiff herein.

Thereafter, on the 14th day of May, 1920, the case was tried to a jury and a verdict returned for the plaintiff for the full amount of damages claimed on account of injuries to the wagon, team, and harness. The court, however, instructed the jury that the plaintiff as a matter of law had elected to pursue his claim against the Joplin Supply Company for compensation under the Workmen's Compensation Act and was bound by such election and could not recover against the defendant herein for his personal injuries. Thereafter, plaintiff filed his motion for new trial, which was overruled, and the case has been regularly appealed to this court.

For reversal, the plaintiff assigns several specifications of error, all to the effect that the trial court erred in holding that the plaintiff, as a matter of law, had elected to pursue his remedy under the Workmen's Compensation Act, as provided in section 7302, Comp. Okla. Stat. 1921:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. * * *"

While we cannot agree with the position taken by the trial court, that such an election, if made, would bar a recovery against the defendant in the instant case, yet we deem it unnecessary to pass upon that question, for the reason that we are of the opinion that no election of remedies had been made by the plaintiff herein.

The general rule set forth in 20 Corpus Juris, p. 19, and adopted by this court in the case of Freeland et al. v. Dolen, 84 Okla. 286, 203 Pac. 182, states what is necessary to constitute an election of remedies, as follows:

"* * * Any decisive act of a party with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determine his election. * * *" See, also, 15 Cyc. 262.

The plaintiff's evidence herein is to the effect that he had no knowledge of his legal rights and no information that he could proceed against the defendant herein at the time his petition filed before the State Industrial Commission, and therefore, under the above rule, adoption of one remedy in ignorance of or without knowledge of another would not constitute an election between said remedies.

In the case of Register v. Carmichael, 169 Ala. 588, 53 South. 799, 34 L. R. A. (N. S.) 309, the note on page 310 states the rule as follows:

"If the clear weight of authority, though there is some conflict in the decisions, seems to sustain the position taken by the court in Register v. Carmichael, that 'an election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election.' or have caused some detriment to the other party."

The doctrine of election of remedies is also stated in Words and Phrases, vol. 3 (First Series), p. 2337, as follows:

"The doctrine of election depends, not on technical rules, but on principles of equity and justice and actual intention. An election made in ignorance of material facts is, of course. not binding, when no other person's rights have been affected, thereby. So, if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intention to elect, and consequently no election is to be presumed. Watson v. Watson, 128 Mass. 152."

The rule is also well established that the binding force of an election cannot be predicated upon mere imputed knowledge, for the doctrine is based entirely upon the idea of a conscious exercise of choice between two remedies which are inconsistent with each other. 20 Corpus Juris, p. 36; Craig et al. v. Meriweather, 84 Ark. 298, 105 S. W. 585.

In the latter case, the court, in the body of the opinion, quotes from Spread v. Morgan, 11 H. L. Cas. 588, 615, 11 Reprint 1461, as follows:

"In order that a person who is put to his election should be concluded by it, two things are necessary: First, a full knowledge of the nature of the inconsistent rights, and of the necessity of electing between them. Second, an intention to elect manifested, either expressly or by acts which imply choice and acquiescence."

In the case of Graybill v. Corlett, 60 Colo. 551, 154 Pac. 730, the court uses the following language:

"An election between two remedies necessarily implies knowledge that there are two remedies, and it is everywhere held that, in order to constitute a binding election, the party electing must have had such knowledge as is essential to an intelligent choice of procedure."

In the case of Standard Oil Co. v. Hawkins, 74 Fed. 395, 20 C. C. A. 468. 33 L. R. A. 739, the court, in the body of the opinion, uses the following language:

"It is one thing whether a contract will be reformed because entered into through ignorance and mistake of the law by one party, and quite another and different thing whether one may be relieved from an improvident election of a remedy occurring through his ignorance of possessing a better remedy, 'Election,' says Dyer, 'is the internal, free, and spontaneous separation of one thing from another existing in the mind and will.' Bullock v. Burdett, 3 Dyer, 281. That designed selection cannot occur if the party be ignorant of his rights. He cannot deliberately select one of two or more remedies if he know of but one to which he is entitled. Therefore it is, as stated by Kerr, that 'an election made by a party under a mistake of facts, or a misconception to his rights, is not binding in equity. In order to constitute a valid election. the act must be done with a full knowledge of the circumstances of the case, and the right to which the person put to his election was entitled."

We think the case at bar comes squarely within the rule above announced, and that the trial court erred in instructing the jury that the plaintiff, as a matter of law, had elected to pursue his remedy under the Workmen's Compensation Act.

The question as to whether or not, at the time the plaintiff filed his proceeding in the State Industrial Commission, he had knowledge of his right to elect either to pursue his remedy under the Workmen's Compensation Act or against the defendant herein in a common-law action, together with the question of whether or not, by prosecuting said proceedings before the State Industrial Commission, he intended to pursue that remedy and to disregard the other, was a question of fact which should have been submitted to the jury under proper instructions from the court.

For the reasons stated, the judgment of the trial court is reversed, and the case remanded to the district court of Ottawa county, with directions to grant a new trial.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ.. concur.