NAGY *v.* MICHIGAN COPPER & BRASS CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INJURY CAUSED BY THIRD PARTY—ELECTION OF REMEDY.

   Under the workmen's compensation act (2 Comp. Laws 1915, § 5468), an employee who has sustained an injury under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, may, at his option, proceed either at law against

Effect of choosing by mistake remedy not legally available, see notes in 8 L. R. A. (N. S.) 144; 22 L. R. A. (N. S.) 1153.

that person to recover damages, or against the employer for compensation under the act, but not against both.[1]

2. SAME—AGREEMENT FOR COMPENSATION CONSTITUTES ELECTION OF REMEDY.

An injured employee's agreement with his employer to accept compensation under the workmen's compensation act constituted a proceeding against his employer under the act.[2]

3. SAME—ELECTION OF REMEDY—IGNORANCE OF LAW.

That an injured employee was ignorant of the fact that the workmen's compensation act permitted him a choice of remedies, viz., to proceed against his employer under the act, or to bring an action at law against the wrong-doer, does not justify a decree in equity setting aside an agreement with the employer under the act.[3]

4. SAME—EMPLOYEE NOT ENTITLED TO HAVE AGREEMENT SET ASIDE IN ABSENCE OF SHOWING OF FRAUD OR THAT HE DID NOT KNOW. INJURY CAUSED BY THIRD PARTY.

In a suit by an injured employee to set aside an agreement with his employer for compensation under the workmen's compensation act, the employee has the burden of proof, and in the absence of a showing of fraud or that he did not know that his injury was caused by some one other than his employer at the time he entered into said agreement, he is not entitled to have it set aside for the purpose of reinstating his right of action against said third party.[4]

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted January 22, 1926. (Docket No. 22.) Decided March 20, 1926.

Bill by Joseph Nagy against the Michigan Copper & Brass Company and others to set aside an agreement for compensation under the workmen's compensation act. From a decree for plaintiff, defendant Michigan Copper & Brass Company appeals. Reversed and bill dismissed.

---

[1]Workmen's Compensation Acts, C. J. § 168; [2]Id., C. J. § 168; [3]Id., C. J. § 168; [4]Id., C. J. § 168.

*Bresnahan & Groefsema,* for plaintiff.

*Beaumont, Smith & Harris (Kerr, Lacey & Scroggie,* of counsel), for appellant.

SHARPE, J.   The plaintiff, a native of Hungary, 43 years of age, and a resident of this country for 22 years, while in the employ of the Michigan Copper & Brass Company (hereafter called the defendant) in Detroit, sustained an injury on June 13, 1922, due to the alleged negligence of an employee of the Liberty Highway Company while driving one of its trucks.   He was taken to a hospital for treatment. The defendant was operating under the workmen's compensation act, and carrying its own risk.   On June 20th it made report as of a compensable accident.   The cause and manner thereof were described as follows:

"Truck owned by Liberty Highway Company, 1035 Fourteenth Street, Detroit, was backing out of plant. Front wheel of truck caught counter and swerved it around pinning Mr. Nagy between counter and door."

On June 28th an agreement for compensation was entered into between plaintiff and the defendant by James J. Hurley, its paymaster, and filed with and approved by the department of labor and industry, under which plaintiff was to receive $14 per week. Payments thereunder were made to plaintiff and receipts filed with the department until July 6, 1922, when he returned to work and was paid at the same rate as before his injury.   On October 7, 1922, he voluntarily left the defendant's employment, and began work for the Solvay Process Company.   He was afterwards taken to a hospital and operated on for hernia.   He made demand on defendant for further compensation.   It declined to make further payment unless ordered to do so by the department, as it pro-

posed to make claim for the amounts paid against the highway company. A conference was held in the office of the deputy commissioner of the department in Detroit, at which the plaintiff and his daughter and representatives of the defendant and the highway company and the indemnity company carrying its risk were present. The liability of the highway company was there discussed. Plaintiff was advised by the deputy commissioner, as well as by Mr. Hurley, to file a petition for additional compensation. This he did, the blank therefor being filled out by his daughter. Plaintiff spoke English imperfectly, but was able to write his name quite legibly. The department fixed a day for the hearing of the petition and sent a notice thereof to the plaintiff, the defendant, the highway company, the indemnity company carrying its risk, and the Solvay company. Each notice was addressed to all the above-named parties. On the day to which the hearing was adjourned (March 20, 1923), plaintiff failed to appear, and his petition was dismissed "without prejudice."

On July 11, 1923, he filed his bill of complaint herein, praying that the compensation agreement entered into between him and the defendant be set aside for the reason that his signature and assent thereto had been procured by the fraudulent conduct and misrepresentations of the defendant's officials.

The trial court found that Mr. Hurley, representing the defendant, had "dealt honorably and fairly with the plaintiff," and that he "was not misled in executing the papers in question." He granted the relief prayed for, because the plaintiff, at the time he entered into the agreement in question, did not know that the truck by which he was injured was owned and operated by the highway company. The decree entered was conditional on plaintiff's reimbursing the defendant for all sums paid out by it on account of plaintiff's

injury.    It is conceded that a tender of this amount was made by plaintiff.    The bill was dismissed as to the highway company and the indemnity company, who had been made parties.    The defendant copper and brass company appeals.

1. The trial court was clearly right in finding that no fraud had been practiced on plaintiff.

2. Section 5468, 2 Comp. Laws 1915, provides that an employee who has sustained an injury—

"under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof,    *    *    *    may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both."    *    *    *

That the plaintiff did proceed against the defendant under the act cannot be questioned.    *Brabon* v. *Gladwin Light & Power Co.*, 201 Mich. 697; *Wood* v. *Vroman*, 215 Mich. 449; *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519.    His counsel invoke the doctrine that a choice between inconsistent remedies, when taken in ignorance of the fact that one has a double remedy, is not binding as an election.    20 C. J. p. 35; 9 R. C. L. p. 962.    Applying this doctrine, the question is presented, Was the plaintiff ignorant of the fact that he was injured by a truck owned and operated by the highway company at the time he pursued his remedy under the act?    In his bill of complaint there is no averment, or even suggestion, that he was not possessed of such information.    It is based entirely upon his claim of fraud.    He does allege that at the time—

"such papers were presented to him for signature he had no knowledge or information as to the statute of this State known as the workmen's compensation law,"

or of his right to proceed "against third persons whose negligence caused his injury."

It is somewhat difficult to believe that a man who had worked in this country for more than 20 years, and in this State for 4 years, had never heard of this law. It seems probable, however, that he was not aware that the law permitted a choice of remedies until he consulted his present attorneys. But his ignorance in this respect did not justify the decree made.

"We know of no case where mere ignorance of the law, standing alone, constitutes any excuse or defense against its enforcement." *Utermehle* v. *Norment,* 197 U. S. 40, 55 (25 Sup. Ct. 291).

Aside from the averments, or lack of averment, in the bill, we are impressed that he has not sustained the burden of establishing the fact that he did not know that his injury was caused by the truck of the highway company at the time the proceedings under the act were taken. As before stated, the report of compensable accident sent to the department on June 20th stated that the injury was caused by a "truck owned by Liberty Highway Co." This was signed by Mr. Hurley, the paymaster of the defendant. If Mr. Hurley had "dealt honorably and fairly with the plaintiff," as the trial court found he did, it is almost inconceivable that this fact was not communicated to plaintiff. If, however, there be doubt about this, it seems very certain that he was so informed before he filed his petition for further compensation. We have not overlooked his claim that he does not understand English well, but his 18-year-old daughter, an intelligent young lady, was present at the conference in the deputy commissioner's office and soon thereafter made out and sent to the department the petition for further compensation signed by him, and thereafter, in his name, wrote the department, urging speedy action thereon. The notice of the hearing sent to him was also information that the highway company

was interested in the proceeding. The purpose of the act is manifest. It is designed to afford compensation to an employee injured by an accident arising out of and in the course of his employment. At the same time, it recognizes the right of the injured employee, if his injury be due to the negligence of a third party, to proceed against him, independent of the act. But he cannot, as here, agree with his employer as to compensation, receive the benefits of such an agreement, apply for further compensation, and afterwards seek to set these proceedings aside and be reinstated in his right to bring an action against the wrongdoer, without establishing, at least by a preponderance of the proof, that he did not know that his injury was caused by some one other than his employer at the time such proceedings were taken by him. A careful reading of the record satisfies us that he has not maintained the burden of proof in this respect.

It follows that the bill must be dismissed, with costs to appellant.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.