JOHN ELLICH, Respondent, v. HAMBURG-AMERIKANISCHE PACKET-FAHRT ACTIEN GESELLSCHAFT, Doing Business under the Trade Name and Style of HAMBURG-AMERICAN LINE, Appellant.

First Department, April 19, 1929.

*Robert H. Charlton* of counsel [*John T. Loughran* with him on the brief], for the appellant.

*Harold R. Medina* of counsel [*Joseph Levy* and *William Gilbert* with him on the brief; *Levy & Becker*, attorneys], for the respondent.

McAvoy, J.   Plaintiff had a judgment in a jury trial for damages for personal injuries sustained by him while engaged as a long-shoreman in unloading the steamship *Albert Ballin* of the Hamburg-American Line.

There is no question raised upon the appeal as to the issue of negligence.

Plaintiff was injured while operating a winch on the loft above the pier, against which the steamer was moored.   He was struck by a draft from the cargo then being brought over from the vessel.   He was in the employ of a concern known as F. Jarka Co., Inc., the stevedore on the job.

The appellant's contention is that the plaintiff by his acts and conduct prior to the institution of this action, elected to accept the benefits of the Workmen's Compensation Law, and thus is barred from the prosecution of this cause.

The testimony shows that shortly after the accident plaintiff had been tendered and had accepted from one in the employ of the attorneys representing his employer certain payments which were stated to be " compensation payments," and that plaintiff had filed with the Workmen's Compensation Bureau a formal claim for such compensation; that an award was made by the State Industrial Board, granting him thirteen weeks' compensation for disability.   These occurrences it is claimed constitute an election of remedies which bars the suit and as matter of law, under the statute governing the accident, an assignment of the cause of action to the employer or insurance carrier was effected.

The total of such payments amounted to something in excess of $400, and the verdict here was for $7,500 against the third party, Hamburg-American Line.

It appeared on the trial, in plaintiff's testimony, that at the time the checks were given he was informed that they were being given pursuant to a desire on his employer's part " to help the plaintiff out during the period of his disability."   He said that nothing was told him which would indicate that they were compensation payments.   And it also was in evidence that if such an explanation were made, the illiterate character of the plaintiff would never enable him to comprehend what was meant by the term.

At the time the payments were made originally, no award had

been made by the State Industrial Board. The award itself was made at a hearing at which neither the plaintiff nor any representative of his was present.

The testimony indicated a lack of any real knowledge on the part of the plaintiff regarding his rights under the Workmen's Compensation Law and the alternative remedy which he would have against the third party causing his injury in the event of his election to take it. The testimony was sufficient to establish that not only did plaintiff fail to understand the significance of the payments that were made at the time they were being made, but that he was wanting in understanding of the nature of the payments and their significance at the time of the trial.

The issue submitted to the jury was that if they found that plaintiff had elected to get his money from the Workmen's Compensation Commission (Bureau) rather than sue the Hamburg-American Line, the jury should find that when he filed his application with the Workmen's Compensation Commission (Bureau), and took the money thereunder, if he knew what he was doing, he could not recover, i. e., that if he knew he was making an election to get his money in compensation rather than in damages from the Hamburg-American Line, there could be no recovery. But it was also charged that, if they believed that plaintiff did not know what he was doing when he filed his application and received the checks, a verdict for plaintiff would be proper.

There is no point raised here with respect to the verdict's being against the weight of the evidence, it being contended in the appellant's brief that the sole issue is one of law, and that the filing of the claim, under his signature, for compensation, the award made thereunder, and the acceptance of benefits which arose therefrom, even though in ignorance of their purport, established as a matter of law an election of plaintiff to receive compensation and an assignment of the cause to the employer or carrier.

This does not appear to be the rule. Mr. Justice KELLY, late presiding judge in the Second Department, stated in effect that an issue of fact could be presented as to whether plaintiff knew of the two remedies and elected to take compensation. In the case in which he wrote (*Lassell* v. *Mellon*, 219 App. Div. 589) the plaintiff alleged that he did not elect to receive compensation; he said that he had never heard of the Federal Employees' Compensation Act. He admitted that various documents which were introduced in evidence by defendants were received by him, some of which were checks from the Compensation Commission, aggregating a certain sum, from which deductions were made for hospital expenses, but he testified that he signed these papers while in the

hospital at the request of the paymaster, who told him he was off the payroll, but an arrangement could be made whereby he could receive a partial sum as part of his salary and that he could bring an action for damages against the railroad company, and that he was then to return the partial payments upon receiving the money from the railroad company. He said that he had no idea that he was electing to have recourse to the Federal Employees' Compensation Act, and that the papers signed by him were pursuant to representations made by the officer. He was not contradicted and the court held that it was a proper question to submit to the jury whether he had elected the compensation remedy by these acts. This ruling seems apposite to the situation here. Certainly if plaintiff be believed the requisites of an election which under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) would assign the cause were never had. It was as though a totally unauthorized agent had filed the claim and received the compensation payments, which surely could not affect plaintiff's rights at law.

While it may seem incredible that a person should be so ignorant as to believe that which was told to him here, and even after commencing this action to have received two checks from the Workmen's Compensation Bureau, nevertheless, since the matter was a pure jury point and there was sufficient evidence to establish his right to recover against the third person, I think the judgment should be affirmed.

The judgment and order should be affirmed, with costs.

Dowling, P. J., Finch and Proskauer, JJ., concur; Martin, J., dissents.

Judgment and order affirmed, with costs.