## LUMBERMEN'S MUT. CASUALTY CO. OF ILLINOIS v. LOWE, Deputy Com'r, et al.

No. 7035.

District Court, E. D. New York.

Sept. 27, 1933.

Alexander, Ash & Jones, of New York City, for plaintiff.

James F. Doyle, of New York City (Louis A. D'Agosto, of New York City, of counsel), for claimant.

CAMPBELL, District Judge.

This is an action brought by the insurance carrier, the plaintiff, to review the compensation order made by a deputy commissioner of the United States Employees' Compensation Commission, and restrain its enforcement by injunction.

Natale Avaltroni, a longshoreman in the employ of A. Pellegrino & Sons, met his death on October 13, 1932, in the course of such employment and while working on board the steamship Astrea, a vessel afloat in navigable waters of the United States, at the foot of Pier 12, Brooklyn, N. Y., and owned by the Royal Netherlands Steamship Company.

The payment of compensation was secured by the plaintiff in the above-entitled action.

The deceased left him surviving a widow and eight children, four of whom are under the age of eighteen years and are considered dependents, pursuant to the Longshoremen's and Harbor Workers' Compensation Act § 8, title 33, § 908, U. S. C. (33 USCA § 908).

The deputy commissioner found that prior to the commencement of a suit against the alleged third party wrongdoer, the widow was advised by a claims adjuster of the carrier that she could institute a third party suit, and that if she later found that she could not continue her suit, she could drop it and compensation would be paid to her.

On or about the 7th day of December, 1932, the widow filed the usual notice of election to sue the alleged third party wrong-doers, Royal Netherlands Steamship Company, owner of the said steamship Astrea, and said action was instituted by service of the summons in an action in the Supreme Court, Kings County, and on the petition of the defendant subsequently removed to this court.

A short time thereafter, the widow, Susie Avaltroni, became hard pressed for money and found that she was unable to feed, clothe, or shelter herself and her children.

On or about March 14, 1933, the said widow verbally notified the claims manager of the carrier company, the plaintiff, of her financial condition, and that she would be unable to await the outcome of her third party action, and at the same time she offered to assign or subrogate the carrier to her rights against the third party.

The last day on which an action against the third party wrongdoer may be commenced will be the 13th day of October, 1934.

The carrier, the plaintiff, remained silent.

The claimant advised the Compensation Commissioner of the plaintiff that she desired to discontinue the action and be paid compensation.

On April 6, 1933, the widow notified the carrier, the plaintiff, and its attorneys, by registered mail, of her intention to discontinue and to claim compensation, and further of her intention to co-operate with the carrier, the plaintiff, so that its legal rights would in no way be prejudiced or affected.

The carrier, the plaintiff, and its attorneys remained silent.

On April 26, 1933, the American Lumbermen's Mutual Casualty Company, the carrier, the plaintiff herein, Alexander, Ash & Jones, Esqs., its attorneys, and the Royal Netherlands Steamship Company, were each separately served with a notice of motion to discontinue, made returnable May 3, 1933, before Hon. Mortimer W. Byers, a judge of this court. Upon the return day of this motion, the attorneys for the carrier, the plaintiff, appeared and did not oppose the motion, but submitted an affidavit in which the facts were recited and the claim made that the carrier was not a proper party, and also offered for signature an order of discontinuance reciting the filing of said affidavit and other recitals, which order was not signed.

A proposed order of discontinuance was served upon the carrier, the plaintiff herein, attorneys for the carrier, the plaintiff herein, and said order was signed on May 9, 1933. The order so signed recited "there being no appearance in opposition thereto."

Thereafter on May 29, June 1, and June 7, 1933, hearings were held before the Deputy Commissioner to determine the widow's claim for compensation.

The carrier, the plaintiff, appeared and opposed.

Thereafter on July 20, 1933, an order was made, filed and served by the Deputy Commissioner, awarding compensation upon the facts found, and upon the further ground that the carrier's rights were in no way prejudiced or affected.

That is the order which it is sought to review in this action.

■■ The issue is whether claimant, having elected to sue the alleged third party wrongdoer, may change her mind, discontinue such action on notice to the carrier, and obtain compensation without having carried the action to judgment, in order to fix any deficiency.

So much of Longshoremen's & Harbor Workers' Compensation Act § 33, title 33, § 933, U. S. Code (33 USCA § 933), as is necessary for consideration in the case at bar, provides as follows:

"Compensation for injuries where third persons are liable. (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election."

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval."

It thus appears that a right of election to receive compensation or sue the alleged wrongdoer is given the claimant; that acceptance of compensation operates as an assignment and thus prevents any suit by claimant against the alleged wrongdoer; that if in such suit the claimant does not recover the amount which would have been allowed as maintenance, the carrier must pay the difference; and that if the claimant brings suit and compromises for less than would have been allowed as maintenance, the carrier cannot be required to pay the difference unless such compromise was made with its written approval.

The statute does not in terms provide that the claimant cannot under any conditions change her election to bring suit and accept compensation, nor do I believe it to be reasonably inferred.

The statute in plain terms makes the acceptance of compensation final, and the failure in terms to make the election to sue final seems to me to show that such was not the intention of the Congress.

The statute does not in terms impose any penalty for a discontinuance, but does impose a penalty for compromising, for less than the amount that would be allowed as compensation, an action brought by claimant against a third party without the written consent of the carrier.

There does not appear to be any decision of any court construing the statute in question with reference to the question in issue.

The statute was remedial in its character and should be liberally construed to accomplish its purposes. Rothschild & Co. v. Marshall (D. C.) 56 F.(2d) 415.

The statute should be given a reasonably broad construction. Baltimore & O. R. Co. v. Clark (D. C.) 56 F.(2d) 212.

The statute must be so interpreted and enforced that it shall not be an agency of unfairness, either to the employer or employee. Pacific S. S. Co. v. Pillsbury (D. C.) 52 F.(2d) 686.

This statute is based on the theory that industrial accident, whether due to negligence

of the worker or not, should be borne by industry. Wheeling Corrugating Co. v. McManigal (C. C. A.) 41 F.(2d) 593.

The purpose of the statute is clearly to protect the carrier in its right of action against a third party wrongdoer, when claimant has accepted compensation.

What right has the carrier plaintiff lost in the instant suit by the discontinuance by the claimant of the action against the third party? At the time when the action was discontinued, the statute of limitations had about one year and four months to run, and the carrier suffered no loss by that discontinuance, of which it had ample notice and did not oppose.

Finding as I do that the statute does not make the election by claimant to sue final, it seems to me that the equities in each case must be controlling.

In the instant suit, a determination that the election to sue was final will impair, if not defeat, the remedial character of this statute, if the widow and children would have been left without support until a third party suit had been tried and determined, while the carrier will suffer no loss but may at once commence a suit against the alleged third party wrongdoer, the prosecution of which action it will control, and which action it may even compromise without any interference by the claimant.

The equities are clearly with the claimant.

Hunt v. Bank Line (C. C. A.) 35 F.(2d) 136, cited by the carrier, shows clearly the finality of accepting compensation, which is the point there decided, and it seems to me that the finality of accepting compensation being so clearly expressed in the statute, the failure to as clearly express the finality of election by claimant to sue a third party left that dependent on the equities of the case at issue.

The Workmen's Compensation Act of the State of New York (Consol. Laws, c. 67) is somewhat similar to the statute in question, and the carrier cites in support of its contention that the claimant having elected to sue, such election is final, Breitel v. Hinderstein, 236 App. Div. 203, 258 N. Y. S. 237, affirmed 261 N. Y. 556, 185 N. E. 736.

Granting that the last-cited case so holds, it is entitled to respectful consideration but is not authoritative in the construction of a federal statute. Baltimore & Philadelphia Steamboat Co. v. Norton (D. C.) 40 F.(2d) 530.

It surely cannot be contended that the Congress in enacting the statute in question did so with any knowledge of such construction of the New York statute, as the New York statute was in effect long before the statute in question, and Breitel v. Hinderstein, supra, was not decided until long after the enactment of the federal statute.

The position of the New York courts as to the construction of the New York statute prior to the adoption of the federal statute in question is shown in Matter of McKee v. White, 218 App. Div. 300, 218 N. Y. S. 215, affirmed 244 N. Y. 610, 155 N. E. 918.

I do not base my opinion on any alleged representation of the compensation claims manager of the plaintiff, as it does not seem to me that the evidence is sufficient to show his right to bind the plaintiff, as not even his duties were described from which an inference of authority might be drawn.

A decree may be entered in favor of defendants against plaintiff, dismissing the complaint herein with costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the court, as provided by the rules of this court.