GEORGE R. LUNN, Plaintiff, *v.* ELMER F. ANDREWS, as Industrial Commissioner of the State of New York and on Behalf of the State Insurance Fund, and Others, Defendants.

Supreme Court, Albany County, September 4, 1934.

*Charles L. Craig,* for the plaintiff.

*Whalen, McNamee, Creble & Nichols,* for the defendant The New York Central Railroad Company.

SCHENCK, J.   The defendant The New York Central Railroad Company moves for judgment dismissing the complaint upon the grounds, *first,* under rule 107 of the Rules of Civil Practice in that there is another action pending in Schenectady county brought by the plaintiff against the defendant for the same cause; and *second,* under rule 106 of the Rules of Civil Practice in that the complaint does not state facts sufficient to constitute a cause of action against the said defendant railroad.

The action is brought to recover damages for personal injuries alleged to have been sustained by plaintiff while operating an autombile on Central avenue, in the city of Albany, while passing under an overhead bridge of the defendant railroad company.

Plaintiff is and was at the time of the said accident one of the Public Service Commissioners of the State of New York.   Subsequent to the accident the State Industrial Board made an award of compensation for the injuries sustained by the plaintiff, which award has been paid to and accepted by plaintiff.   It is the contention of the plaintiff that the award was made by the Industrial Board without informing plaintiff of its purpose or intention so to do, and that the plaintiff did not elect to take compensation pursuant to the provisions of section 29 of the Workmen's Compensation Law, and that the Industrial Commissioner failed to comply with the requirements of such section in that no regulation was prescribed for the manner in which an employee shall evidence such election. Plaintiff further contends that the injuries which he sustained did not arise out of or in the course of his employment within the meaning of the Workmen's Compensation Law, and that the Industrial Commissioner for the benefit of the State insurance fund has commenced an action to recover from the said defendant railroad company damages for the injuries sustained by plaintiff under assignment or subrogation, and plaintiff claims that any sum recovered by the Industrial Commissioner for the benefit of the State insurance fund should be impressed with a trust for plaintiff's benefit.   The complaint demands judgment against the defendant

railroad for damages, and in the event that the right of action for plaintiff's injuries is vested in the Industrial Commissioner for the benefit of the State insurance fund, that any damages recovered against the railroad be impressed with a trust in favor of the plaintiff.

In February, 1933, the plaintiff commenced an action against the defendant railroad in the Supreme Court of Schenectady county, which action is still pending. The Industrial Commissioner, on behalf of the State insurance fund, has also commenced an action against the defendant railroad company in the Supreme Court, Albany county.

The Workmen's Compensation Law provides that where an election is made to take compensation, the awarding thereof operates as an assignment of the cause of action of the employee against the third party for the benefit of the insured. It is not necessary that an instrument of assignment be executed by the employee, as the statute provides that the awarding of compensation, in itself, shall operate as an assignment of the cause of action. (Workmen's Comp. Law, § 29; *Travelers Insurance Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Miller* v. *New York Railways Co..* 171 App. Div. 316; *Godfrey* v. *Brooklyn Edison Co.*, 115 Misc. 21; affd., 196 App. Div. 980.)

Such election once made is binding, and upon the payment of the award the cause of action against the third party belongs to the carrier. (*Hanke* v. *New York Consolidated R. R. Co.*, 181 App. Div. 53; *Sabatino* v. *Crimmins Contracting Co.*, 102 Misc. 172; affd., 186 App. Div. 891; *O'Brien* v. *Lodi*, 246 N. Y. 46.)

It is the contention of plaintiff that he did not actually elect to accept compensation and that he did not have full knowledge of all material facts. The plaintiff here cannot well claim ignorance of any material fact. At most, his claim must be predicated on ignorance of his right under the law to recover from the railroad. He must have known that he was receiving compensation and it is immaterial whether by formal words or by an instrument in writing he elected so to do. The fact still remains that an award was made to plaintiff, which was accepted by him. The payment of the award by the Industrial Board and the acceptance thereof by the plaintiff estops plaintiff from any other remedy. He cannot now change his mind and pursue his common-law remedy against a third party. (*Matter of Joyce* v. *Eastman Kodak Co.*, 238 N. Y. 142.)

The Industrial Commissioner, as the representative of the State insurance fund, has acquired a property right and may not be divested thereof simply because the plaintiff now feels that he has made an improvident choice.

Order may be entered dismissing the complaint herein, with ten dollars costs.