JOHNSEN v. AMERICAN–HAWAIIAN
S. S. CO. et al.
No. 8775.

Circuit Court of Appeals, Ninth Circuit.
Aug. 30, 1938.

Geo. K. Ford, Simpson Finnell, Jr., and Fletcher Cutler, all of San Francisco, Cal., for appellant.

Edwin T. Cooper and Sheldon G. Cooper, both of San Francisco, Cal., for appellee California Ballast Co.

Frederick W. Dorr and Archie M. Stevenson, both of San Francisco, Cal. (Cooper, White & Cooper and Hengstler, Dorr & Stevenson, all of San Francisco, Cal., of counsel), for appellee American Hawaiian S. S. Co.

Before GARRECHT, HEALY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment of the United States District Court dismissing

the plaintiff's complaint and entering a judgment that the plaintiff take nothing by his action, after demurrers to the fourth amended complaint had been sustained without leave to amend. The action was commenced in the Superior Court of the State of California and was removed to the District Court on the ground of diversity of citizenship.

The determination of the questions here presented involves and requires the construction and interpretation of the Act of Congress entitled "Longshoremen's and Harbor Workers' Compensation Act." Act of March 4, 1927, Ch. 509, 44 Stats. 1424, 33 U.S.C.A. § 901 et seq.[1]

The fourth amended complaint alleged that plaintiff, appellant here, was injured while working upon the steamship "Pennsylvanian," owned by the American-Hawaiian Steamship Company [hereinafter called the American Company], while it was docked in the harbor of San Francisco. At the time he was performing his duties as an employee of the California Stevedore & Ballast Company [hereinafter called the California Company]. The California Company was engaged under contract with the American Company to unload freight from the vessel. The American Company and the California Company are both corporations and were defendants in the trial court and are appellees here.

It is further alleged that plaintiff was, on the 12th day of December, 1933, operating a winch on the steamship; that due to the negligence and carelessness of the defendant American Company, John Doe and Richard Roe, the cylinder head of said winch blew out and plaintiff was injured;

[1] The provisions here involved are those found in Section 33 of the Act, 33 U.S. C.A. § 933, and deal with the situation where an employee is injured by a third person. Those applicable are as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election.

"* * * * * *

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner).

"(B) The cost of all benefits actually furnished by him to the employee under section 7 [section 907] of this chapter.

"(C) All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due and to pay any sum, in excess of such compensation, to the person entitled to compensation or to the representative; and

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative.

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 13 [section 913] of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (e) [(f)? See, Jarka Corporation v. Monahan, 62 F.2d 588 (C.C.A. 1, 1932)] only if such compromise is made with his written approval."

that the accident caused a "partially unconscious condition and [plaintiff] was unable to walk or stand on his feet and [he] was suffering intense pain;" that plaintiff was conveyed to a hospital for immediate medical attention; that while in the hospital [quoting from the complaint] "he was visited by agents of California Stevedore & Ballast Company who represented to him that he was entitled under the provisions of the Federal Longshoremen's Compensation Act to compensation from said California Stevedore & Ballast Company and concealed from plaintiff that he had an election under the provisions of said act to bring an action to recover damages of said American-Hawaiian Steamship Company, a corporation, for said injuries * * * and did not inform plaintiff that in receiving said compensation from said California Stevedore & Ballast Company he would elect to receive compensation instead of and as a waiver of an election to sue said American-Hawaiian Steamship Company for damages." Plaintiff then alleges he was ignorant of the fact that the act required an election on his part and that upon his accepting compensation his cause of action against the third party was assigned to his employer; that said agents knew this and with intent to deceive induced plaintiff to accept compensation from the California Company; that while convalescing and after leaving the hospital plaintiff first learned of his rights under the act and thereupon notified the California Company that he rescinded his election to accept compensation and offered to restore and continues to so offer to restore everything he has received from the California Company. The California Company refused and ever since has refused to accept such offer.

The plaintiff then alleges that after he had accepted compensation, the California Company arbitrarily failed, refused and in "wilful disregard of the law intended for its guidance and for protection [of plaintiff's rights] fraudulently and without cause refused to commence and prosecute" an action against the American Company and so continues to refuse to bring suit; that because of said refusal the said California Company is made a defendant herein. The prayer is for general damages in the sum of $25,000 and special damages in the sum of $1980.

The defendants demurred separately, both generally and specially, on the grounds that the complaint fails to state facts sufficient to constitute a cause of action in that it appears from the face of the complaint that plaintiff has accepted compensation under the act; that the cause of action is barred by laches; that it is barred by the provisions of section 33(f) of the act [33 U.S.C.A., § 933(f).]; that there is a misjoinder of causes of action and a failure to state them separately in that an action in equity for rescission is joined with an action at law for damages; that there is a misjoinder of parties defendant; and that the complaint is uncertain, ambiguous and unintelligible in that it cannot be ascertained how or in what manner the California Company defrauded the plaintiff. Although the defendants are represented by different counsel, they join in one brief in support of the court's rulings sustaining their demurrers and dismissing the complaint.

It is apparent from the complaint that the plaintiff is seeking no affirmative relief against the California Company. Also the plaintiff concedes that a cause of action against a third party tortfeasor is automatically assigned to the employer once there has been a valid binding election on the part of the employee to accept compensation. 33 U.S.C.A. § 933(b); Sciortino v. Dimon Steamship Corp., D.C.N.Y.1930, 39 F.2d 210, affirmed 2 Cir., 1930, 44 F.2d 1019; Moore v. Christiensen S. S. Co., 5 Cir., 1931, 53 F.2d 299; Freader v. Cities Service Transp. Co., D.C.N.Y., 1935, 14 F. Supp. 456; Lumbermen's Mutual Casualty Co. v. Lowe, D.C.N.Y., 1933, 5 F.Supp. 447. However, one theory of the plaintiff, as evidenced by the allegations in his complaint, by the fact that the California Company is made a defendant, and by his argument in his briefs, is that after compensation is paid by the employer, he is under a duty to bring suit for the benefit of his employee and that upon his failure to so do the employee may bring suit in his own name, naming the employer as a defendant.

The precise point was before the Circuit Court of Appeals for the Fourth Circuit in the case of Hunt v. Bank Line, Ltd., 1929, 35 F.2d 136. In that case the libelant alleged that the employer and the third party were both insured by the same company and for that reason the employer refused to bring suit. The libelant contended that he had a substantial interest in having the employer institute the suit; that the cause of action assigned by operation of

the act to the employer is held by the latter in trust for the benefit of the employee, as well as for his own benefit, and that, upon failure of the employer to sue, the employee may bring suit himself for the benefit of both, joining the employer as a party. The court held that the employee could not maintain the action nor compel the employer to bring suit. It pointed out that while the position of the employee might have some force if subdivision (b) and (e) of section 33 [33 U.S.C.A. § 933(b) and (e)] were considered alone, when the other provisions of the section were considered it was apparent that the libelant's position was unsound. Attention was called to the fact that under subdivision (d) the employer may compromise with the third person "either without or after instituting" proceedings for the recovery of damages. This subdivision, it was shown, is in striking contrast to subdivision (g) which gives the employer control over any compromise by the employee for an amount less than the employee would receive as compensation. This, the court held, indicated that Congress intended that once the employee has elected to accept compensation, the cause of action is assigned to the employer and the employee has no further rights or interests therein unless the employer recover more than the amount of compensation paid, costs and expenses.

In Whalen v. Athol Mfg. Co., 1922, 242 Mass. 547, 136 N.E. 600, 601, the Supreme Judicial Court of Massachusetts, in deciding a like contention under similar provisions of the Massachusetts Workmen's Compensation Act, said: "Upon satisfaction of a judgment obtained by the insurer against third persons, it holds four-fifths of the sum received over compensation paid the employee in trust for the employee; but the obligation to hold the interest of the employee in the excess fund in trust does not arise from or relate to any trust duty of the insurer to prosecute the action, which resulted in a judgment under the authority of the statute to prosecute actions against third persons. Whether it will prosecute such an action is for it alone to determine and the absence of a right in the employee to have an action brought by the insurer cannot be converted into a right by the refusal of the insurer to enforce such action when it is requested so to do. Nor can such refusal justify the maintenance of an action by the employee for the benefit of the insurer and for his own benefit."

Plaintiff contends that the Supreme Court has overruled the Hunt Case, supra, in Aetna Life Ins. Co. v. Moses, 1932, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477, 88 A.L.R. 647. This position is untenable. The question was not before the Court in that case, and it expressly refused to decide such. Nor does the case of Globe Indemnity Co. v. Atlantic Lighterage Corp., 1935, 244 App.Div. 97, 278 N.Y.S. 212, aid the plaintiff. There the only question before the court was whether the employer's insurance carrier was the proper party plaintiff.

We think that a sound construction of the act warrants the conclusion that once the employee has made a valid binding election to accept compensation he has no further control over the cause of action against the third person whose negligence caused the injury.

The plaintiff contends that there was no such binding election; that the complaint alleges facts showing that he was ignorant of his rights under the act to elect to sue the third party tortfeasor; that the agent of the employer failed to inform him of his rights and that such was a fraud on him; that by reason of such ignorance and mistake and the misrepresentations he was entitled to rescind his election and in fact did so rescind by offering to restore to the California Company all the benefits that he had received from it under the act.

Stripped of all its surplusage, the complaint alleges that the plaintiff was uninformed as to the necessity of his making an election either to accept compensation or to sue the third person, the American Company. The question thus before this court is whether ignorance on the part of the plaintiff of his right under the act to elect will prevent a valid binding election. In other words, may an employee who has "elected" to accept compensation under the act without knowledge of the provisions thereof, "rescind" such election upon discovering his rights thereunder.

The cases are not in complete accord on this point. According to some courts, in the absence of fraud or knowledge of facts showing the liability of a third person, want of knowledge of the fact that an election is required is not ground for impeaching or avoiding the effect of such election. Talge Mahogany Co. v. Burrows, 1921, 191 Ind. 167, 130 N.E. 865; Lunn v. Andrews, 1934, 152 Misc. 568, 274 N.Y.S. 432;

Nagy v. Michigan Copper & Brass Co., 1926, 233 Mich. 552, 207 N.W. 850. Semble, Barry v. Bay State St. R. Co., 1916, 222 Mass. 366, 110 N.E. 1031. On the other hand, there are a number of well considered cases supporting the proposition that there is no binding election which will prevent an action against a third person where the employee has acted in ignorance of his obligation to make an election, and where no·other persons' rights have been prejudicially affected. Hicks v. Peninsula Lumber Co., 1923, 109 Or. 305, 220 P. 133; Barton v. Oklahoma K. & M. R. Co., 1923, 96 Okl. 119, 220 P. 929; Harvey v. Chas. R. McCormick Lumber Co., 1928, 149 Wash. 368, 271 P. 65. See also, Ellich v. Hamburg-Amerikanische Packetfahrt Actien Gesellschaft, 1929, 226 App.Div. 32, 234 N.Y.S. 171.

It seems well settled by the weight of authority in cases other than those dealing with workmen's compensation acts, that an election is not valid and binding where the action has been taken by one without knowledge of his rights and where rights of innocent third parties have not been affected adversely. In Watson v. Watson, 1880, 128 Mass. 152, a leading and often cited case, the court, through Chief Justice Gray, said: "But the doctrine, whether applied in practice on the common law or on the equity side of the court, depends not upon technical rules, but upon principles of equity and justice, and upon actual intention. An election made in ignorance of material facts is, of course, not binding, when no other person's rights have been affected ·thereby. So if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intention to elect, and consequently no election is to be presumed. This has been settled in England by a long series of authorities, of which it is sufficient to cite a few. [Citing cases.]" .Page 155. To the same effect is the case of Pittsburgh Terminal Coal Corp. v. Bennett, 3 Cir., 1934, 73 F.2d 387, certiorari denied, 1934, 293 U.S. 617, 55 S.Ct. 149, 79 L.Ed. 705. This court in the case of Miles v. Lavender, 1926, 10 F.2d 450, recognized this rule in dealing with the question of election of remedies under the Arizona Workmen's Compensation Act. The court said: "The justice of submitting all the evidence to the jury is manifest by reference to the established rule that election of remedies is founded on the principle that it is unjust to conclude a person who is put to an election of remedies, unless he does some decisive act with full knowledge of the nature of the inconsistent rights that are his and of the necessity of choosing between them. Robb v. Vos, 155 U.S. 13, 15 S.Ct. 4, 39 L. Ed. 52; Barton v. Oklahoma, K. & M. R. Co., 96 Okl. 119, 220 P. 929; O'Neil v. Lake Superior Iron Co., 63 Mich. 690, 30 N.W. 688." Page 454.

Pomeroy, in his work Equity Jurisprudence (4th Ed. 1918), Vol. 2, § 849, p. 1731, recognizes that a mistake of the type here alleged to have been made is essentially a mistake of fact as distinguished from a mistake of law. He says that in the great majority, if not all of the well considered opinions, relief against such a mistake, i. e., a mistake as to antecedent existing legal rights as distinguished from a mistake as to the legal effect of an act, "has almost always been granted."

In Standard Oil Co. v. Hawkins, 7 Cir., 1896, 74 F. 395, 20 C.C.A. 468, 33 L.R.A. 739, in dealing with the question of election of remedies, the court said: "It is one thing whether a contract will be reformed because entered into through ignorance and mistake of the law by one. party, and quite another and different thing whether one may be relieved from an improvident election of a remedy occurring through his ignorance of possessing a better remedy 'Election,' says Dyer, 'is the internal, free, and spontaneous separation of one thing from another, existing in the mind and will.' [Bullock v. Burdett] 3 Dyer, 281. That designed selection cannot occur if the party be ignorant of his rights. He cannot deliberately select one of two or more remedies if he know of but one to which he is entitled." Page 398 of 74 F. See also, McIntosh v. Wilkinson, D.C.Wis. 1929, 36 F.2d 807.

We think that the principle enunciated by the last cited authorities is the correct one, especially in view of the rule that compensation acts are for the benefit of the employee and his dependents and should be liberally construed in their favor. Jarka Corp. v. Monahan, 1 Cir., 1932, 62 F.2d 588. The decisions in Talge Mahogany Co. v. Burrows, supra; Lunn v. Andrews, supra, and Nagy v. Michigan Copper & Brass Co., supra, are founded, we believe, upon an inadequate analysis and do not win our approval. Nor do the cases of Employers' Indemnity Corp. v. Felter, Tex.Com.App.,

1925, 277 S.W. 376; Holmes v. Henry Jenning & Sons, D.C.Or.1921, 7 F.2d 231; Behr v. Soth, 1927, 170 Minn. 278, 212 N.W. 461; Sciortino v. Dimon S. S. Corp., supra; and Eagle-Picher Lead Co. v. Kirby, 1925, 109 Okl. 96, 235 P. 176, lead to a different conclusion. In all of them the question here decided was either not properly before the court or there were other facts present which removed the case from the principle now under consideration.

■■■ Defendants contend that even conceding that the plaintiff has a right to rescind his election he cannot do so in this action; that there would then be a misjoinder of causes of action, i. e., an action in equity for rescission and one at law for damages. Assuming arguendo that such a joinder is not proper in the Federal Courts, we do not think that the complaint is susceptible of such interpretation. The plaintiff alleges in his complaint that he has rescinded, and attaches thereto, as an exhibit, a letter addressed to the California Company so advising it and offering to restore to the Company everything of value received by him. One having a right to rescind need not turn to the courts to have the rescission accomplished. In Brown v. Norman, 1888, 65 Miss. 369, 4 So. 293, 7 Am.St.Rep. 663, the court said (page 295): "There is this marked distinction between suits at law for the recovery of the consideration paid, *after rescission by the plaintiff*, and bills in equity *for rescission* * *."" [Emphasis supplied.] A court of law cannot decree rescission, but rescission being accomplished, may enable the plaintiff to recover his property or money which is unlawfully withheld. Masters v. Van Wart, 1926, 125 Me. 402, 134 A. 539. All the authorities so far as we are able to ascertain support the proposition, either expressly or impliedly, that a rescission may be accomplished without the aid of judicial action. The only purpose of bringing suit is to obtain the fruits of such rescission. The distinction between a suit at law based on a prior rescission and a suit in equity for rescission is well pointed out in Philpott v. Superior Court, 1934, 1 Cal.2d 512, 36 P.2d 635, 95 A.L.R. 990. See also the annotation following the Philpott Case in 95 A.L.R. 1000 et seq.

In the case at bar, assuming that the principles governing the rescission of contracts are here applicable, as contended by the defendants, there is no necessity for the plaintiff to bring an action in equity to rescind his purported election. He has already accomplished this by his rescission in pais. He offered to restore to his employer, the California Company, everything of value which the company had given to him, and still offers to so restore. On the facts appearing from the pleadings now before this court, the California Company cannot deprive the plaintiff of his right to maintain this action against the American Company by refusing to accept the offer of the plaintiff.

It appears to us that neither the American Company nor the California Company have any cause to complain in regard to what we have heretofore called the plaintiff's "rescission." Accepting the allegations of the complaint as being true for the purpose of this appeal, the American Company, by its negligence, has put itself in the position of being liable, if liable at all, either to the injured party or his employer. A cause of action existed in someone at the time the complaint in this cause was filed. So far as the American Company is concerned, it would appear from the record in this case that it is immaterial to it whether the injured employee or his employer brings the action to recover for the injuries caused by it.

By a like token, so far as appears from the record, the California Company can in no way be prejudiced by our decision that there has been no valid assignment of the cause of action to it. Under subdivision (e) of section 33 of the Act [33 U.S.C.A., § 933(e)], any excess recovered by the employer in a suit against the third party tortfeasor, over and above the amount of compensation paid to the employee and the expenses and costs of the proceedings and benefits furnished to the employee, belongs to the employee. The employer can in no way make a profit at the expense of the employee. The only purpose of the provision for assignment of the cause of action is to reimburse the employer for his disbursements. By our decision the California Company is relieved of the burden and expense of bringing an action for such a purpose. The burden of suit is now on the shoulders of the plaintiff.

We hold that it was not necessary for the plaintiff to go to a court of equity to effect a rescission of his election. The answer may present additional questions.

Defendants also contend that the suit is barred by the provisions of sections 33(f) and 13(a) of the Longshoremen's Act. [33

U.S.C.A., §§ 933(f) and 913(a).] Section 13(a) requires that claims for compensation shall be barred unless filed within one year after the injury. Section 33(f) provides that a suit against a third person must be commenced within the period prescribed in section 13(a). It is the theory of the defendants that in as much as the first complaint .filed by plaintiff did not set forth the facts entitling plaintiff to rescind, but merely stated a cause of action for damages against the American Company (joining the California Company as a defendant on the theory that the employer had a duty to prosecute the action for the employee's benefit), that by amending the complaint to allege such facts there was a wholly new and different cause of action for rescission set forth in the third amended complaint which was filed more than three years after the alleged injury occurred and that such cause of action is barred both by the statute of limitations and by the doctrine of laches.

The answer to this contention is, as we have pointed out, that no action for rescission is attempted to be stated by plaintiff. His only purpose in alleging such facts is to show that he had a right to rescind his purported election and did in fact so rescind, thus counteracting the effect of his having accepted compensation.

■ Construing the complaint as we have, we think that it states a cause of action against the American Company. However, in as much as the order of the District Court sustaining the demurrers did not specify the grounds thereof, if any of the special demurrers are well taken this court must affirm. Brown v. Denver Omnibus & Cab Co., 8 Cir., 1918, 254 F. 560; Judge v. Pullman Co., 6 Cir., 1913, 209 F. 10. We have discussed all of the grounds of special demurrer interposed with the exception of that for misjoinder of parties. Both the California Company and the American Company demurred on that ground, each stating that it was improperly joined with the other, the specification being that the California Company was not a proper party in the suit for damages and the American Company not a proper party in the suit for rescission.

■ A complete answer to these contentions is that there is no cause of action for rescission stated in the complaint. A cause of action for damages is stated against the American Company. Thus it is prop-

erly a party to this action. It cannot complain of the joinder of the California Company where it does not appear that its interests are adversely affected thereby. Gardner v. Samuels, 1897, 116 Cal. 84, 47 P. 935, 58 Am.St.Rep. 135.

So far as the California Company is concerned, in as much as no cause of action is stated against it, the order of the District Court sustaining its demurrers and dismissing the action as to it was proper.

For the reasons stated, the order of the District Court sustaining the demurrers of the American-Hawaiian Steamship Company and dismissing the complaint as to it is reversed. The order of the District Court sustaining the demurrers of the California Stevedore & Ballast Company without leave to amend is affirmed. The cause is remanded to the District Court with instructions to overrule the demurrers of the American-Hawaiian Steamship Company and allow it to answer the complaint within a time to be fixed, if it shall be so advised; and it is so ordered.