THE FRYE PULPWOOD COMPANY *vs.* JOSEPH G. RAY.

Washington.    Opinion December 24, 1915.

*Bond.    Contract.    Extension of Contract.    Mortgage.    Performance.*
*Receiver.                    Sale.*

Under the common money counts, the plaintiff seeks the recovery from
defendant of the sum of six thousand dollars paid by the former to the
latter on account of the purchase price of certain real estate which defend-
ant undertook by written obligation to convey to plaintiff.  Failure, through
inability, of defendant, though requested, to perform the contract and its
rescission are claimed.

*Held:*

1.  Where defendant has never been able to convey title as provided in his
contract, the plaintiff is entitled to rescind and recover back moneys paid
on account of the purchase price and an institution of an action for money
had and received for such moneys is under such circumstances, in itself a
rescission.

2.  In order to effect rescission, the party claiming the right to do so must
place the other in statu quo, or do all he can towards it, but in the appli-
cation of this rule the maxim de minimus will be regarded.

3.  Where the term of a bond for the conveyance of timberland, which
provides for possession by the obligee during the term, has expired and
the possession of the obligee during the term, is that of an owner not
engaged in timber operations, formal surrender of possession is not
required as a prerequisite to rescission.

On report.  Judgment for the plaintiff for the sum of $5998 and
interest from the date of the writ.

This is an action of assumpsit under the money counts to recover
from defendant the sum of six thousand dollars paid by plaintiff to
defendant on account of the purchase price of certain lands which
defendant undertook in writing to convey, but failed to do.  Plea,
the general issue and brief statement.  At the conclusion of the evi-
dence, by agreement of the parties, the case was reported to the Law
Court for determination, upon so much of the evidence as is legally
admissible.

The case is stated in the opinion.

*Peters & Knowlton, and C. B. & E. C. Donworth,* for plaintiff.

*A. D. McFaul and John F. Deering,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J.  Under the general money counts, the plaintiff seeks in this action the recovery from defendant of the sum of six thousand dollars paid by the former to the latter on account of the purchase price of certain real estate which defendant undertook by written obligation to convey to plaintiff.  Failure, through inability by defendant, though requested, to perform the contract and its recission therefor are claimed.

On the third day of February, 1913, the defendant gave its writing obligatory to plaintiff conditioned for the conveyance of certain tracts of timber land for the sum of $5.00 per acre, to be paid within ninety days from date, "terms, Forty Thousand Dollars Cash, and the balance as per arrangement made this day between Joseph G. Ray and The Frye Pulpwood Company."  The bond provided the plaintiff should have possession of the premises and pay all taxes assessed thereon during the term of the bond.

On the twenty-ninth day of April, 1913, the defendant in writing extended "the option to June 1st, 1913, together with all the rights, privileges and agreements mentioned in said option as fully as if the original option expired on said June 1st."

Later by an agreement under seal, bearing date the twenty-ninth day of May, 1913, and executed by the defendant, a further extension was granted.  This agreement, after reciting the substance of the bond of February 3, 1913, and an adjustment and agreement that the purchase price is to be $100,000, continues "Whereas, the terms of payment of said purchase price of one hundred thousand dollars, provided said property should be taken over by said Frye Pulpwood Company under the option contained in said agreement, were forty thousand dollars to be paid in cash upon delivery of a good and sufficient deed by the said Ray and the balance as per arrangement made between said Ray and the manager of said company at the date of said agreement, which arrangement was in substance that said property should be conveyed subject to the mort-

gage covering the same from Joseph A. Coffin to Josephine B. Coffin, dated February 12, 1908, recorded in said Registry Book 274, Page 138, provided arrangements satisfactory to the Frye Pulpwood Company could be made with the mortgagee, Josephine B. Coffin to cut timber and pulp-wood upon the same property during the continuance of said mortgage and also subject to a mortgage for twenty-five thousand dollars upon the same property, given by Joseph G. Ray to Joseph A. Coffin, now held by the heirs of Joseph A. Coffin. Said twenty-five thousand dollars, secured by said mortgage, to be assumed by the Frye Pulpwood Company, payable on or about September nineteen hundred and fourteen, with interest according to its terms; the balance, if any, of said purchase price of one hundred thousand dollars, after deducting forty thousand dollars, to be paid in cash as aforesaid, the thirty thousand dollars, held in form of mortgage by Josephine B. Coffin, with accrued interest to date of transfer and the said mortgage from Ray to Coffin, held by the Coffin heirs for twenty-five thousand dollars, with accrued interest thereon to date of transfer, to be paid in form of note of Frye Pulpwood Company to Joseph G. Ray, on one year's time, with interest at five per cent."

It further recites the payment by plaintiff on delivery of the bond of February 3, 1913, of one thousand dollars and of the sum of five thousand upon the extension of April 29, 1913, both these sums to be credited upon the cash payment of the purchase price in case of purchase by plaintiff under the option; that the Frye Pulpwood Co. has notified Ray of its desire and readiness to purchase the property in accordance with the agreement and that the Frye Pulpwood Co. has agreed to waive its rights for four months, or until October 1, 1913, and "that the said Ray has agreed to extend the agreement referred to and recited above to Oct. 1, 1913." It concludes with the undertaking on the part of Ray in consideration of the mentioned sums of money amounting to six thousand dollars, paid on account of the cash payment of the consideration, the further sum of one dollar and the mutual agreements of the parties, as recited, to extend to October 1, 1913, "all rights and privileges of purchasing the property above described and referred to upon the terms and conditions hereinabove set forth."

We must hold that the agreement of May 29, 1913, expressed the terms of the contract of the parties. There is neither claim nor evidence of either fraud or mistake in the making of the agreement. There is evidence, not uncontradicted as to its nature, tending to show an agreement to modify the terms of payment, but its existence is unimportant, as, if it were made, it was prior to date to the making of the agreement of May 29, 1913, in which we must hold the agreement of the parties is embodied.

Perhaps the chief contention centers about the proviso relative to arrangements, satisfactory to plaintiff, with Josephine P. Coffin, to cut the growth during the continuance of her mortgage. Defendant contends that plaintiff stated as early as February 3, 1913, that it could obtain such permission from Mrs. Coffin. It attempted to do so but unsuccessfully. Later defendant made efforts in the same direction with equal lack of success and before the actual making of the agreement of April 29, 1913 admitted it impossible. It makes, however, little difference whether plaintiff or defendant undertook to obtain the concession from Mrs. Coffin. It was one of the important conditions of the contract and has never been obtained. The defendant therefore, had never at the commencement of the action, January 13, 1914, been in a position to carry out the terms of the contract on his part to be performed. The right of plaintiff to rescind the contract and recover back the moneys paid on account of the purchase price is under such circumstances, undoubted and the institution of an action for money had and received is in itself a recission. *Doherty* v. *Dolan,* 65 Maine, 87, 91, 92; *Wright* v. *Haskell,* 45 Maine, 489, 492; *Dixon* v. *Fridette,* 81 Maine, 122, 125; *Horne* v. *Richards,* 113 Maine, 210, 212.

In order to effect recission, the party claiming the right to do so, must place the other in statu quo, "or do all that he can towards it." *Walker* v. *Thompson,* 61 Maine, 347, 350; *McPheters* v. *Kimball,* 99 Maine, 505, 507. Defendant claims he has not been placed in statu quo by plaintiff, because plaintiff burned a blueberry tract included in the premises, received the sum of two dollars from a party in payment for hay cut upon the premises and because before suit was brought he made no surrender of possession of the premises. In the spring or summer of 1913, plaintiff in preparation for the blueberry crop of that year burned several acres of land included in

the real estate covered by the bond and agreement. Learning that the blueberry lands were under lease to a third party, it did no more. This action on part of plaintiff cannot have the effect urged by defendant. It did no injury to the reversion, as the land was already leased for blueberry culture, and was a benefit to the lessee. The stumpage for hay cut was paid to plaintiff and has not been returned nor tendered to defendant. The cutting of the hay was not by the license or permission or with the knowledge of plaintiff. We think the rule de minimus applies. The bond provided for possession in plaintiff during its term. The term of the bond, as extended has expired. The land was timber land and the possession of the plaintiff was that of an owner of such lands not engaged in timber operations upon it. It is not shown nor suggested that plaintiff at the date of the writ was maintaining any possession. A formal surrender of possession to defendant was as uncalled for as a formal delivery of possession to plaintiff at the execution of the bond.

Judgment may be entered for plaintiff for the sum of five thousand nine hundred and ninety-eight dollars and interest from the date of its writ.