CECIL D. MASTERS *vs.* WILLIAM T. VAN WART.

Aroostook.    Opinion September 20, 1926.

*A decree in equity overruling or sustaining a demurrer and nothing more, is inter-locutory and cannot be brought to the Law Court until after final decree.    But a decree sustaining a demurrer and dismissing the bill is final.*

Where a defendant has agreed to convey property upon payment of certain notes by the plaintiff, and such notes have not been paid, no fraud being shown, the mere fact that the defendant does not own the property agreed to be conveyed does not entitle the plaintiff to a rescission.    A contract whereby one agrees to convey, in the future, property which at the time of making the contract he does not own is neither illegal, reprehensible nor unusual.

When, however, fraud and false representations inducing the making of the con-tract, are alleged in the bill and proved or admitted by demurrer, the plaintiff is entitled to have the contract rescinded and his notes returned.    Courts of Law have no machinery to accomplish this result.    There is therefore, no plain, adequate and complete remedy at law.

Moreover in fraud cases, subject to certain well established exceptions, equity has jurisdiction irrespective of whether the injured party has a remedy at law, or whether such remedy will be effective or whether the loss for want of such equitable remedy is irreparable.    Generally speaking, when fraud is shown, legal and equitable remedies are concurrent.

In a bill in equity for rescission of a contract for fraud, previous restitution or tender on the part of the plaintiff, need not be shown.    An offer contained in the bill is sufficient.

A bill in equity is not like an action at law, brought on the footing of a rescission previously accomplished.    Its theory is that the recission is not complete and it asks the aid of the court to make it so.

On appeal.    A bill in equity asking that a contract between plain-tiff and defendant be set aside on the ground of fraud.    Defendant filed a demurrer to plaintiff's bill and upon a hearing the demurrer was sustained and appeal taken.    Appeal sustained.    Decree reversed.    Case remanded.

The case is stated in the opinion.

*Ransford W. Shaw,* for complainant.

*Harry M. Briggs and Herbert T. Powers,* for respondent.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

DEASY, J.   PROCEDURE.   The court below by its decree, appealed from, sustained a demurrer to the plaintiff's bill in equity and dismissed the bill.

In this State, contrary to the rule prevailing in some jurisdictions, (Whitehouse, Vol. 1, Page 850) an appeal may be taken from an interlocutory decree in an equity cause.   R. S., Chap. 82, Sec. 24. But such appeal does "not suspend any proceedings  .  .  .  in the cause and shall not be taken to the Law Court until after final decree." R. S., Chap. 82, Sec. 24.

A decree in equity overruling or sustaining a demurrer and doing nothing more, is interlocutory (*Worcester* v. *Tupper*, 210 Mass., 380) and cannot be brought to this court "until after final decree." But a decree, like that in the present case, sustaining a demurrer and also dismissing the bill, is final.   "It puts the case out of court."   *Forbes* v. *Tuckerman*, 115 Mass., 119; *Snell* v. *Dwight*, 121 Mass., 348; *DeArmas's Heirs* v. *United States*, 6 Howard, 616.

Thus the procedure in this case while unusual is proper.   The case might indeed have been brought forward on exceptions.   R. S., Chap. 82, Sec. 27.

An appeal however is authorized.

Upon the appeal this court must determine the correctness of the decree below.

SUMMARY OF BILL.

Omitting non-essential parts and also, for the moment, omitting paragraph 10, we summarize the allegations of the bill as follows: The plaintiff gave the defendant three notes for one thousand dollars each, with interest.   One note only is paid.

The consideration for these notes was a contract or bond, whereby the defendant agreed to convey to the plaintiff by warranty deed, clear of incumbrances, two lots of land in Bridgewater.   The conveyance is required to be made at the request of the plaintiff "after the payment of said three thousand dollars before or at the time the same shall become due."   The contract further provides that the plaintiff is "to have possession of said premises until he shall have failed to perform the condition of this bond."

The plaintiff, as authorized by the contract, entered into possession, by consent of the defendant moved a building from one lot to the other, "expended large sums of money in moving, fitting up and repairing and furnishing the said building," and leased it to the United States Government to be used as a customs house.

At the time of making the contract the defendant did not own the lot upon which such building has been placed. One Mrs. McMullin has notified the plaintiff that she owns the property and has forbidden him to exercise any ownership over it.

All these facts are alleged in the bill and admitted by the demurrer.

The above epitomizes the essential parts of the bill except the tenth paragraph which we consider further on in this opinion.

### No Case Shown by Summarized Facts.

This summary discloses no case requiring the application of either an equitable or legal remedy.

It describes a contract but sets forth no breach of it.

The defendant agreed to convey the property, upon payment of the notes, but they have not been paid. A contract whereby one agrees to convey, in the future, property which at the time of making the contract, he does not own is neither illegal, reprehensible nor unusual.

Even if there had been a breach, no equitable remedy is indicated by the facts above recited. An injunction is prayed for, but no imperious necessity is shown and no irreparable damage threatened. Avoidance of multiplicity of suits is suggested, but plainly this ground of equitable jurisdiction is not applicable.

### Tenth Paragraph. Fraud.

The tenth paragraph of the bill, however, (not included in the above summary) alleges fraud which is the "most ancient foundation" of equitable jurisprudence. *Hartshorne* v. *Eames*, 31 Maine, 97; *Trask* v. *Chase*, 107 Maine, 144.

In this paragraph of the bill it is alleged that the "defendant illegally and with intent to defraud the plaintiff, falsely represented to him that he was the owner of the land." This allegation the demurrer for all purposes of this appeal, admits.

In considering the appeal we are bound to treat as admitted, the charge that the defendant falsely represented himself to be the owner of the land, and that he did it with intent to defraud the plaintiff.

Thus the defendant admits all the elements of fraud, in any case required to be proved, except rescission and restitution, and except that the plaintiff in entering into the contract relied upon the fraudulent representations to his detriment.

If fraud, with all its elements, is shown, the plaintiff is entitled to have the contract rescinded. This is peculiarly an equitable remedy. Under his prayer for general relief he is entitled to have his notes cancelled and returned to him. Courts of law have no machinery to accomplish this result. There is, therefore, no plain, adequate and complete legal remedy.

"One of the prominent heads of equity jurisdiction, founded upon the peculiar remedy, is where the rescission, cancellation and delivery up of agreements, securities or deeds is sought on the ground of fraud." *Clark* v. *Robinson*, 58 Maine, 138.

Moreover, even if there be a plain, adequate and complete legal remedy, equity gives relief in case of fraud. In such cases, legal and equitable remedies are concurrent, subject to certain exceptions.

In fraud cases "equity has jurisdiction irrespective of whether the injured parties have a remedy at law or whether such a remedy will be effective or whether the loss for want of such an equitable remedy is irreparable." *Trask* v. *Chase*, 107 Maine, 144.

It is Chapter 175 of the Laws of 1874 that amends the then existing statute so as to give an equitable remedy in all "other cases" where there is not a plain, adequate and complete remedy at law. But inasmuch as relief in case of fraud is by the unamended statute provided for, without qualification or limitation, it is not one of the "other" cases referred to in the amendment.

"This is but an addition to the previous specifications. . . . . The limiting clause applies only to the additional jurisdiction . . . and in no respect affects that given before. Thus this Court has, by force of the statute, full equity jurisdiction in cases of fraud, limited only by the usage and practice of chancery courts . . . . concurrent with courts of law or exclusive of them" with some exceptions, to wit: "cases of warranties, misrepresentations and frauds in the sale of personal property and other like cases in which there is no prayer for rescinding the contract." *Taylor* v. *Taylor*, 74 Maine, 589.

The opinion next above cited then uses this language equally applicable to the instant case, —"It is very evident that this case does not come within any of the exceptions mentioned which can take it out of equity jurisdiction."

Granting that equity gives relief when fraud is proved or admitted, it may be urged that the bill in this case is demurrable for the reason that it contains no express allegation that the plaintiff relied upon the defendant's representations and none that the plaintiff before filing the bill put the defendant in statu quo or offered to do so.

### RELIANCE UPON REPRESENTATIONS NOT ALLEGED.

There is in paragraph 10 no explicit averment that the plaintiff relied upon, believed or was influenced by the defendant's fraudulent misrepresentations. But such reliance may, we think, fairly be inferred from other parts of the bill, especially paragraph 7.

The demurrer sets forth want of equity merely. It is therefore a general demurrer.

If the demurrer had been special and had specified this omission as a ground, an amendment might have been asked and granted.

"Such a general demurrer does not specify any particular defect other than want of equity in the bill, (and) should only be employed when want of equity is plainly manifest." *Bidder* v. *McLean*, 20 Ch. D., 572; *Essex Paper Co.* v. *Greacen*, 45 N. J. Eq., 504; 1 Whitehouse, 407.

"The Courts make every reasonable presumption in favor of the bill when assailed by demurrer, the policy of the courts being to give every complainant an opportunity to be heard on the merits of his case, when any equity whatever appears in his bill although defectively stated." *State* v. *Oil Co.*, (Tenn.), 110 S. W., 570.

We think that equity appears in the bill, or at all events, that want of equity is not "plainly manifest."

### RESTORATION OF STATU QUO.

The defendant by his demurrer admits that he did not own the land which he agreed to convey. But he gave the plaintiff possession of it.

The plaintiff has not been ousted. He still has possession. In order to rescind the contract he must restore the possession. The parties must be put in statu quo. *Herrin* v. *Libbey,* 36 Maine, 357; *Getchell* v. *Kirby,* 113 Maine, 94.

There is in the bill no allegation of restoration or tender or antecedent offer. But in the prayer of the bill the plaintiff asks that he "may be allowed to return all the property." This is an offer of restoration and in an equity proceeding is sufficient.

One who has been betrayed by fraud into the making of a contract for the purchase or sale of real estate and has received value has certain legal remedies, not involving or requiring rescission, and which need not be here discussed.

Instead of invoking these remedies he may,—

(1) Rescind the contract, make or tender full restitution and sue at law. A court of law cannot decree rescission or cancellation but, rescission and restitution being accomplished, it may enable the plaintiff to recover his property or money which is unlawfully withheld, or

(2) He may as in this case bring a bill in equity for rescission and therein offer to make full restitution.

In the former case rescission and tender of restitution are conditions precedent to the maintenance of the action.

In the latter case neither restitution nor rescission is a condition precedent. These things may be and should be provided for in the decree.

"Such an action (in equity) is not founded *upon* a rescission but brought *for* a rescission, and it is sufficient therefore for the plaintiff to offer in his complaint to return what he has received and to make tender of it at the trial." *Vail* v. *Reynolds,* 118 N. Y., 297, 23 N. E., 301.

"There was no necessity for an offer to return the consideration before the bill was brought. A bill in equity is not, like an action at law, brought on the footing of a rescission previously completed. The foundation of the bill is that the rescission is not complete and it asks the aid of this court to make it so." *Thomas* v. *Beals,* 154 Mass., 54.

Among the many cases holding the same are *Hall* v. *Bank,* (Wis.), 127 N. W., 969; *Haydon* v. *R. R. Co.,* (Mo.), 93 S. W., 833; *Alexander* v. *Walker,* (Tex.), 239 S. W., 313; *Bank* v. *Blocker,* (Minn.), 185 N. W., 292; *Strickland* v. *Strickland,* (Ala.), 90 So., 345; *Gamblin*

v. *Dickson*, (Idaho), 112 Pac., 213; *Clark* v. *O'Toole*, (Okl.), 94 Pac., 547; *Thayer* v. *Knote*, (Kan.), 52 Pac., 433.

RESUME.

False representations and fraud are alleged and for purposes of this appeal admitted. As against a general demurrer the plaintiff's reliance upon the fraudulent representations and action by reason of such reliance are sufficiently alleged. Some damage appears. In a bill in equity for rescission and cancellation of instruments voidable for fraud, offer of restitution is not a necessary condition precedent though, as some cases indicate, it may affect costs.

If the plaintiff can prove his allegations, including not merely want of title but actual fraud he is entitled to a remedy in equity.

> *Appeal sustained.*
> *Decree reversed.*
> *Case remanded.*