## DONALD WIXOM AND BETTY G. WIXOM *v.* STANLEY E. GILES AND GRACE GILES.

### No. 2794.

ARGUED FEBRUARY 15, 1951.      DECIDED NOVEMBER 27, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE SAPIENZA IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

The plaintiffs brought garnishee action in assumpsit at law against the defendants.

The complaint of the plaintiffs alleges in substance that

162

they purchased certain businesses from the defendants for "the agreed consideration * * * [of] $25,000.00 * * * to be paid as follows: $8,000.00 cash down and the balance of $17,000.00 * * * payable at the rate of $384.00 per month"; that the obligation to pay that balance is evidenced by a promissory note in the sum of $17,000, the sole payee of which is one of the defendants; that said note is secured by a deed of trust, by which the plaintiffs conveyed certain real estate in the State of Nevada to a Nevada corporation, in trust, for the payment of the secured note to the sole payee as sole beneficiary of the trust; that the deed of trust, by its terms, is irrevocable on the part of the plaintiffs; that as of the date of suit the plaintiffs had paid $8,000 as the down payment and $1,904.75 as installment payments of the balance on the note under the deed of trust, or a total of $9,904.75, under the contract as a whole; that on purchase the plaintiffs took over the businesses and operated them for more than five months; that at the end of that period they rescinded the contract, took steps to restore the businesses and made several offers to return the businesses in the condition they were at the time of rescission; that the ground of rescission is that the contract had been induced by fraudulent representations on the part of the defendants, such representations being set forth in great detail; that the defendants did not accept the offers of return; that the plaintiffs have made threefold demand on the defendants that they (1) pay "$25,000.00, plus interest," (2) "turn over to the Plaintiffs the note" and (3) "take action to bring about the cancellation of the said Trust Indenture," but that the defendants have failed to do so; that "the Plaintiffs have long since closed the said businesses and have held the same and their assets as Trustees for the benefit of the Defendants pending such time as the Defendants would accept them either voluntarily or by judicial order."

The complaint prays that the "Plaintiffs have judgment against the Defendants in the sum of $25,000.00, together with interest, plus * * * attorney's commission * * * and costs and for such other and further relief as * * * may seem meet and just in the premises; that if the Defendants voluntarily return the said note and the said Trust Indenture to the Plaintiffs and take all necessary action to bring about the cancellation of said documents that the Plaintiffs will file a remittur for a sum representing the difference between the amount of such judgment and the $9,904.75 (plus interest) actually paid over to date by the Plaintiffs to the Defendants, plus interest on the said difference."

To that complaint the defendants filed a demurrer. After discharging garnishees the trial judge sustained the demurrer on the grounds that the complaint "fails to set forth a cause of action at law" and that it seeks a "relief * * * within the exclusive jurisdiction of a court of equity to consider."

The sole question meriting consideration on exceptions is whether the grounds of the trial judge in sustaining the demurrer are sound as a matter of law. In the opinion of this court, they are.

The complaint of the plaintiffs patently states no cause of action, either at law or in equity, which would entitle them on proof of its allegations to a money judgment or decree against the defendants for $25,000. No alleged facts are to be found in the complaint which show that the plaintiffs paid that amount to the defendants or that the defendants are obligated at law or in equity to pay it to the plaintiffs. The demand to be paid $25,000 as alleged, therefore, is unjust and unwarranted and so would be the judgment to enforce that demand as prayed. The attempt to obtain judgment for that amount as the first part of the prayer for relief, however, demonstrates that the primary objective of the complaint is not to recover merely

the lesser amount of $9,904.75 or the money actually paid on the contract. Consequently, the authorities cited by the plaintiffs in support of a mere recovery at law of money paid on a contract have no application to this case and need not be considered. (See, however, the leading case of *Philpott* v. *Superior Ct.,* 1 Cal. [2d] 512, 36 P. [2d] 635. For collection of authorities see *Annot.,* 95 A. L. R., 1000, *et seq.*) But even if deemed to be a case for a mere recovery of the money paid on the contract, the complaint would not state a cause of action in assumpsit at law in that it alleges no facts upon which the law creates a promise to repay or refund that money. Nor can such facts be alleged in truth; the very nature of the contract forbids it.

The contract is an indivisible one, fully performed by the defendants and partially performed by the plaintiffs. It obligated the plaintiffs to pay $8,000 at the time of sale and then to pay $17,000 in monthly installments thereafter on a delivered promissory note, secured by a deed of irrevocable trust. On entering into that contract, the plaintiffs fulfilled the first part of their obligation by paying $8,000 but were legally powerless to undo or abrogate the remaining part without the aid of a court of equity. Their acts of alleged rescission had no legal effect to accomplish a cancellation of either the promissory note in the hands of one of the defendants as payee, or the deed of trust in the hands of a third party as trustee, such documents being essential parts of the contract. Hence, as a matter of law and fact, those acts did not accomplish a rescission of the contract in toto. Such a rescission, irrespective of its ground, is a requisite of a promise, implied by law, to repay the money actually paid as the only basis on which to predicate an action in assumpsit at law. (See *Philpotts* v. *Superior Ct., supra.*) Not having accomplished it, the plaintiffs had no right to bring such an

action. The very nature of redress sought therein indicates as much.

The complaint joins in its prayer two reliefs. The first is the improper and unjust relief for collection of $25,000, to be obtained by a judgment for that amount. It has no merit, as already indicated. The second is "such other and further relief as * * * may seem meet and just in the premises." It has no substance for a court of law to consider in an action in assumpsit. Nevertheless, these incompatible reliefs are attempted to be reconciled and merged into one redress by the final part of the prayer. That part of the prayer qualifies the preceding parts and constitutes in effect a promise that, if the defendants (presumably in a court of equity) take all necessary action to bring about cancellation, the plaintiffs themselves will do equity by remittitur of the excess and unjust portion of the judgment should it be obtained in full under the abortive prayer for it. The second relief so qualified in context reveals its nature and points to an unlikely possibility that the injustice of the first relief may be ameliorated. The most favorable thing that can be said about the prayer as a whole is that it amounts to nothing more than a bid for the relief of cancellation and incidental recovery of $9,904.75, or of the money paid on the contract, which is the sole possible relief of any merit sought to be achieved even though circuitously and adventitiously attempted. But that relief is purely equitable in nature. A suit to achieve it would be one of pure equitable cognizance lying in equity rather than at law. Courts of law have not the machinery to accomplish cancellation and incidentally award recovery of money paid on a contract. Nor is there a plain, adequate and complete legal remedy. (See *Masters* v. *Van Wart*, 125 Me. 405, 134 Atl. 539.) The absence of that remedy is brought into bolder outline in this case by the necessity for an accounting, which cannot be properly

adjusted and settled in one action at common law to recover money had and received. This is due to the fact that the defendants would be under no joint obligation to repay the money actually paid on the contract, one defendant having received payments on the contract as sole payee and beneficiary under the note and deed of trust and the other nothing thereunder. Only a court of equity, possessing as it does the power to determine the rights of all the parties by doing full, adequate and complete justice in a decree of cancellation, could fix the amount of money which each defendant would be obligated to repay to the plaintiffs. That character of justice should have been the sole objective of the complaint, to be achieved effectively in the proper forum of equity rather than to be groped for ineffectively in the wrong forum of law.

The complaint thus seeks a "meet and just" relief, which only a court of equity can furnish, and to that extent essentially prays "for relief in equity" as though it were a bill in equity entertainable within the "original and exclusive jurisdiction" of a court of equity. (R. L. H. 1945, § 12401.) Corroborative of the purely equitable nature of the relief toward which the complaint is aimed, the alleged facts as the basis for that relief constitute not only a case "in which there are more than two parties having distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at the common law" but one "where there is not a plain, adequate and complete remedy at law," which are cases to be heard and determined only in equity as provided by statute. (R. L. H. 1945, § 12402, pars. 6 and 16.) Nothing more need be said, other than that the complaint states no cause of action at law and that the sole possible relief of any merit sought by it is one to be achieved by a suit in equity rather than by an action at law.

Exceptions overruled.

*R. G. Hogan* (also on the briefs) for appellants.

*D. G. Ridley* (*Landau & Fairbanks* with him on the briefs) for appellees.