**In re Carroll ARTIS and Linda Artis, Debtors,**

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

v.

**Carroll ARTIS and Linda Artis, Defendants.**

**Bankruptcy No. 181–12843–260. Adv. No. 182–0028.**

United States Bankruptcy Court, E.D. New York.

Feb. 28, 1983.

864

Norman Horwitz, P.C., New York City, for debtors; Bruce Weiner, New York City, of counsel.

Seymour R. Weinick, New York City, for plaintiff.

## MEMORANDUM AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

### STATEMENT OF FACTS

On September 10, 1981, the debtors, Carroll Artis and Linda Artis, filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code. Thereafter, on January 15, 1982 the plaintiff, Household Finance Corporation (hereinafter HFC), instituted an adversary proceeding as provided for by Section 362(d) of the Code seeking to enforce a lien on the debtors' 1976 Pontiac automobile stayed by the provisions of Section 362(a) of the Code. On March 4, 1982 the plaintiff and the debtors settled the

adversary proceeding for a sum of $2,150, the agreed upon fair market value of the automobile plus 10% interest. This amount was to be paid at the rate of $84 per month. The agreement, in specific terms, was presented orally to this court on March 4, 1982, the date of the debtors' discharge hearing. At that time the court examined the debtors, approved the settlement agreement, and granted the debtors' discharge. On March 11, 1982 an order was submitted to this court approving the agreement and the order was signed. The order specifically embodied the terms of the settlement.

In a letter dated April 2, 1982 the debtors' attorney notified HFC that the car had been stolen on March 29, 1982 and that the debtors rescinded the settlement agreement. Thereafter, on April 8, 1982, the debtors moved to re-open the adversary proceeding and vacate the order approving the settlement agreement since they did not want to pay for the stolen automobile. HFC opposed the recission and the motion. The matter was argued before the court and briefs were filed by both parties.

### ISSUE

The sole issue to be decided in this matter is whether or not the debtors have a right to rescind their agreement with the creditors. This court holds they do not.

### DISCUSSION AND CONCLUSIONS

The debtors have taken the position that the agreement constituted a redemption of property by installments under 11 U.S.C. § 722 which provided them with the right to rescind the agreement within 30 days following the approval of the agreement by the court. In the alternative, they contend that the court may also find that the agreement was not one of redemption, but rather a reaffirmation agreement within the meaning of 11 U.S.C. § 524(c) and that in either case the same right of recission exists.[1]

1. Section 524(c) provides:

An agreement between a holder of a claim and the debtor, the consideration for which, in

whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under

The creditor does not address the issue of whether this is a redemption or a reaffirmation agreement. It simply takes the position that it is not a reaffirmation agreement, but rather a stipulation of settlement of an adversary proceeding to lift a stay and therefore not subject to the right of recission provided for in 11 U.S.C. Section 524(c). This court feels that it is not necessary to reach a decision on that question in order to resolve this matter. It is our opinion that this is a matter governed by equitable considerations not satisfied by a simple reading of the relevant statutes.

The debtors' motivation in seeking a recission is readily apparent. After striking a deal with the plaintiff that would permit them to retain possession of their automobile, they unfortunately lost that vehicle to an act of larceny. To avoid the consequence of having to continue making payments on a car of which they no longer had the use or possession, they are attempting to exercise a means of avoiding their original decision to retain the car and cure the default arising under the lien by availing themselves of the statutory right of recission provided for by Section 524(c).

█ The 30 day right of recission on which the debtors rely was created to enable debtors to contemplate the nature of their actions and make a rational decision about their agreements to reaffirm a debt. 95 Cong. 2d Sess. S.Rep. No. 95–989 P. 80–81 Bkr.L.Ed.Leg.Hist.Section 83:7 P. 102–103, U.S.Code Cong. & Admin.News 1978, p. 5787. Debtors are not required to give reasons for a recission; it is in a sense analogous to a "no questions asked" refund policy in a department store. It logically follows that if a debtor seeks to disaffirm or rescind an agreement it must return any

consideration received in exchange for its promise to pay. This is consistent with established principles of equitable recission found in the common law of this state which say that:

> . . . . a party seeking recission of a contract must restore, or offer to restore, whatever he has received by virtue of the agreement. The effect of a recission of an agreement is to put the parties back in the same position they were in prior to the making of the contract.

*Holdeen v. Rinaldo*, 28 A.D.2d 947, 281 N.Y. S.2d 657 (1967).

In short,

> "He who seeks equity must do equity and a court of equity is always reluctant to rescind unless the parties can be put back in *status quo.*" *Holdeen v. Rinaldo, supra.*

█ A careful reading of the case law interpreting 11 U.S.C. Sections 524 and 722 reveals no fact patterns that exactly replicate the situation we encounter here. We are not, however, without authority to support our reliance on an equitable doctrine denying recission even if, as the debtors contend, this is a valid reaffirmation or redemption agreement within the ambit of the Bankruptcy Code.

The Consumer Credit Protection Act gives a consumer the power to rescind certain consumer credit sales within three days following the consummation of the transaction. 15 U.S.C. Section 1635. Like the right of recission found in 11 U.S.C. Section 524, this codification of that right is grounded in the belief that consumers are entitled to a period of time within which to contemplate the possible financial consequences of such a transaction and to renege on their committment, without penalty, if

---

applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
    (1) such agreement was made before the granting of the discharge under section 727,-141, or 1328 of this title;
    (2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;
    (3) the provisions of subsection (d) of this section has been complied with; and

(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—
    (A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
    (ii) in the best interest of the debtor; or
    (B)(i) entered into in good faith; and
    (ii) in settlement of litigation under section 523 of this title.

they feel it necessary. *See* Sher *The "Cooling Off" Period in Door to Door Sales,* 15 UCLA L.Rev. 717 (1968). This is not, however, an unconditional right. Tender of consideration received is an equitable prerequisite to recission under the Consumer Credit Protection Act. *Palmer v. Wilson* 502 F.2d 860 (9th Cir.1974). Recently, the District of Columbia Circuit Court held, in a case also involving the Consumer Credit Protection Act, that "equitable motions *must* (emphasis added) be considered in applying a statutory grant of recission." *Brown v. Nat. Permanent Fed. Sav. & Loan Ass'n.,* 683 F.2d 444, 447 (D.C.Cir.1982). The Senate Report discussing the right of recission found in 15 U.S.C. Section 1635 stated:

> Upon application of the consumer or the creditor, a court is authorized to modify this section's procedures where appropriate. For example, a court might use this discretion in a situation where a consumer in *bankruptcy* (emphasis added) or wage earner proceedings is prohibited from returning the property. The committee expects that the courts, at any time during the recission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required under the act.

S.Rep. No. 96–368, 96th Cong. 1st Sess. 29 (1979) reprinted in 1980 U.S.Code Cong. & Ad.News 236, 264–65.

■ It is really a very short jump from this statement of Congressional intent concerning the Consumer Credit Protection Act and the aforementioned case law interpreting that Act to a similar finding with respect to 11 U.S.C. § 524 of the Bankruptcy Code. The right of recission whether based on statutory authority or common law is governed by equitable principles.

The debtors' automobile has apparently been irretrievably lost and it is clear that the creditor cannot be returned to its original position. There is no indication from a reading of the case law or the statutory history of 11 U.S.C. Section 524(c) that Congress intended the power of recission to be used for this purpose. It is more properly an enlightened protection afforded debtors to shield them from improvident decisions that might burden them with unrealistic or excessive financial responsibilities. It is not a loophole or a technicality that can be used to circumvent the common law duty to return the other party to the *status quo.* If situations such as this were permitted to exist, debtors might routinely seek ways to conceal or convert collateral for the purpose of evading contractual responsibilities. This court is not implying that the debtors in this case have engaged in such a deception, but we recognize the potential for abuse that would be created if debtors were routinely allowed to rescind agreements without condition and we seek to thwart that potential. Moreover, equity dictates that any type of recission, whether it be statutorily provided for, as in the Bankruptcy Code, or pursuant to a common law doctrine must return the other party to a pre-agreement *status quo.* Since this is not possible here the recission is ineffective.

## ORDER

It is hereby ORDERED, that the debtors' motion to reopen the adversary proceeding and vacate the settlement agreement is dismissed.