In re Robert C. McAULIFFE, Jr., Debtor.

Robert C. McAULIFFE, Jr., Plaintiff,

v.

GMAC MORTGAGE CORPORATION,
Peoples Heritage Savings Bank and
Fleet Bank of Maine, Defendants.

Bankruptcy No. 93–20212.
Adv. No. 94–2010.

United States Bankruptcy Court,
D. Maine.

April 7, 1995.

Daniel Cummings, Norman, Hanson & De-
Troy, Portland, ME, for plaintiff.

Andrew W. Sparks, Drummond & Drum-
mond, Portland, ME, for defendant GMAC.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

The facts of this proceeding are not in dispute. On March 16, 1993, Debtor Robert C. McAuliffe filed for protection under Chapter 7 of the Bankruptcy Code. As of the petition date, McAuliffe owned real property in North Waterboro, Maine (the "Residence"), which property was encumbered by several mortgages, including, a mortgage (the "Mortgage") in favor of GMAC Mortgage Corporation ("GMAC") that was issued to secure a note (the "Note") in the amount of $175,000.

On April 2, 1993, McAuliffe and GMAC executed a written reaffirmation agreement (the "Reaffirmation") in which McAuliffe agreed to make payments to GMAC as required under the Mortgage and Note. The Reaffirmation was filed with this Court on May 11, 1993. After making made four payments pursuant to the Reaffirmation totalling $7,501.28, McAuliffe timely rescinded the Reaffirmation by letter dated August 23, 1993. On September 15, 1993 McAuliffe received a discharge, which discharge included the Mortgage. McAuliffe lived at the Residence from March 16, 1993 to January 1, 1994 without paying any rent or making any mortgage payments to GMAC other than those described above.

On February 21, 1994, McAuliffe filed this adversary proceeding against GMAC seeking repayment of the $7,501.28 made to GMAC.[1] McAuliffe argues that because of the rescission, principles of equity require that the parties should be returned to their pre-Reaffirmation status. This Court agrees that McAuliffe is entitled, as part of his right to rescind, to recover from GMAC the payments made under the Reaffirmation. GMAC, however, is entitled to some compensation from McAuliffe's continued use of the Residence during the period pre-rescission. *See In re Mandrell,* 50 B.R. 593, 596 (Bankr.M.D.Tenn.1985) ("When a

---

1. Originally, this complaint also named Fleet Bank and Peoples Bank as defendants. McAu-

liffe has subsequently settled with these parties.

contract is rescinded, the parties should be returned to their status before the contract"); *In re Artis,* 27 B.R. 863, 865 (Bankr. S.D.N.Y.1983) ("He who seeks equity must do equity and a court of equity is always reluctant to rescind unless the parties can be put back in the status quo"); *In re Long,* 22 B.R. 152, 154 (Bankr.D.Me.1982) ("A bankruptcy court has the powers of a court of equity"). *See also Rhode Island and Providence Plantations v. Massachusetts,* 39 U.S. 210, 10 L.Ed. 423 (1840) ("A Court of Equity restores the consideration which has been paid by a party to a contract, when it rescinds the contract."). The amount that GMAC is entitled to recover is subject to a determination of facts that will require a further hearing.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.