STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-434

REC. COM - 6/13/2000

VANLEE CORP.,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )     **ORDER ON PLAINTIFF'S MOTION**
                                       )     **FOR SUMMARY JUDGMENT**
DON A. MADDEN SR.,                     )
DON A. MADDEN JR.,                     )
JOHN A. MADDEN, AND                    )
ROBERT A. MADDEN,                      )
                                       )
            Defendants.                )


## FACTUAL BACKGROUND

Defendants purchased the Radisson Eastland Hotel ("Hotel") in Portland

from Plaintiff in October of 1997. The entire purchase price was $9 million.

Defendants' Statement of Material Facts ("DSMF") ¶3. Plaintiff took back a

promissory note ("Note") for $1.7 million from Defendants. The first payment on

the note came due in June, 1998. DSMF ¶5. Defendants tendered that payment, and

made monthly payments for a year following it. Id.; Plaintiff's Statement of Material

Facts ("PSMF") ¶2.

The defendants failed to make their July 1, 1999 payment under the Note,

which constituted a default under the terms of the Note. See Note, Section3(a);

PSMF ¶3. On July 13, 1999, Plaintiff gave each defendant notice of the default.

PSMF ¶4. Because the defendants failed to cure the default, Plaintiff accelerated the

balance due. PSMF ¶¶5-6. Plaintiff asserts that the sum due as of the date of their

SMF was $1,786,489, with $522 in interest accruing per day. Plaintiff's complaint seeks the amounts due and owing under the Note. Defendants asserted several affirmative defenses, including fraud and waiver, and counterclaimed for negligent misrepresentation and fraudulent inducement. Plaintiff moved for summary judgment on its complaint.

The purchase and sale agreement ("Agreement") contained three sections that Defendants contend contained false material misrepresentations that void the contract. Section 3.9 provided

> ...to the best of Seller's knowledge after due inquiry, (i) all of the 207 hotel rooms, the Apartments, the lobby, and the common areas of the Hotel are in rentable and/or useable condition, normal wear and tear accepted, and (ii) there are no defects in any of the service systems at the Hotel including the electrical, sanitary, sewage, water, heating, air ventilation, air conditioning or mechanical systems which would materially interfere with the use of the Improvements or the normal operation of such systems.

Section 3.18 provided

> No inaccuracies. "To the best of the seller's knowledge, after due inquiry, there are no material inaccuracies in the documents and items submitted or to be submitted to purchaser for its review."

Section 3.4 provided

> To Seller's knowledge, after due inquiry, there are no violations of any law, regulation, ordinance or order applicable to the property or any portion thereof, which have not been disclosed to Purchaser and which materially adversely affect the Property.

Defendants also claim that one of the principals of Plaintiff VanLee Corp., L. Joseph VanWhy, represented to the Defendants that the Hotel generated a "net income in

excess of $1 million[1]." DSMF ¶14; Madden Affidavit ¶15.

During the Fall of 1997, the Defendants spent $896,000 on repairs, including the replacement of doors and roofing, the updating of computers and wallpapering. DSMF ¶10. Although the Defendants expected to spend some funds to improve the Hotel, they allege that this amount was in addition to sums reasonably anticipated. Id. Defendants argue that they had to spend these funds because of the Plaintiff's misrepresentations about the Hotel's condition. Id.

In November, 1997, Defendants discovered that the Hotel's backup boiler was inadequate, that the Hotel did not have a fresh air supply, and that asbestos covered virtually all of the steam lines. DSMF ¶11. Further, Defendants were informed that the Hotel violated several city and state code provisions. DSMF ¶13. Under Defendants' management, the Hotel brought them a net annual income of $600,000[2]. DSMF ¶15.

## DISCUSSION

Defendants do not dispute Plaintiff's Statements of Material Facts, which set out Plaintiff's prima facie case as to recovery on the terms of the Note[3]. Defendants

---

[1] The Defendants' SMF does not state whether this alleged misrepresentation was to be interpreted as $1 million net income *per year*. However, the Defendants clarify this statement in their opposition brief, at 5, that the represented income was "on a yearly basis."

[2] Neither the SMFs nor the briefs detail exactly when the Defendants figured that the Hotel only brought in $600,000 yearly. Further, other than their general allegations in their counterclaims as to false and misleading statements, Defendants do not elaborate on how Plaintiff's statement that the Hotel "generated a net income in excess of $1 million" was false or intentionally or recklessly made.

[3] In their responses to Plaintiff's SMF, Defendants "qualify" Plaintiff's statements, but do not properly dispute these statements. See Bennett v. Tracy, 1999 ME 165, ¶14, 740 A.2d 571, 574.

3

have alleged fraud[4], which renders a contract voidable, both as an affirmative defense and as a counterclaim. See Dubie v. Branz, 145 Me. 170, 173, 73 A.2d 217, 220 (1950), cited in Harriman v. Maddocks, 518 A.2d 1027, 1029 (Me. 1986); RESTATEMENT (SECOND) OF CONTRACTS § 164 (1981). A party induced to enter a contract by fraud, as alleged here, may either disaffirm the contract and rescind it, or affirm the contract and seek tort damages for the fraud. See Rosenthal v. Rosenthal, 543 A.2d 348, 355 (Me. 1988). The fraudulently induced party is limited to one form of recovery only and may not both rescind and collect damages. E. I. DuPont de Nemours & Co. v. Florida Evergreen Foliage, 744 A.2d 457, 463 (Del. 2000). At issue currently is whether Defendants may rescind the Note due to the Plaintiff's alleged fraud. No party has moved for summary judgment on Defendants' counterclaims.

The right of a party to rescind a contract due to fraud is limited because it must be brought within a "reasonable time" after discovery of the grounds justifying it. Mott v. Lombard, 655 A.2d 362, 365 (Me. 1995). The failure to act on the fraud within a reasonable time waives a party's right to rescind. Janush v. Nationwide Mutual, 2000 WL 254560, *3 (Conn. Super. Ct. 2000). What constitutes a "reasonable time" is a mixed question of law and fact. Id. When the facts are ascertained, the determination is a question of law. See Mott, 655 A.2d at 365, citing Getchell v. Kirby, 113 Me. 91, 94, 92 A. 1007, 1008 (1915); see also Gordon v. Hutchins, 118 Me. 6,

---

[4] To prove fraud, a party must show a false representation of material fact, knowledge on the part of the representer of the statement's falsity or reckless disregard thereof, made for the purpose of inducing the other party to rely on it and justifiable reliance by the other party. Glynn v. Atlantic Seabord Corp., 1999 ME 53, ¶10, 728 A.2d 117, 119.

4

12, 105 A. 356, 359 (1919) (2 1/2 years unreasonable); <u>Clark v. Stetson</u>, 113 Me. 276, 280, 93 A. 741, 742 (1915) (continuing to occupy the premises at least 2 months after knowledge of deceit was unreasonable); <u>see also</u> <u>88 Blue Corp. v. Reiss Plaza Assocs.</u>, 585 N.Y.S.2d 14, 16-17 (N.Y. App. Div. 1992) (11 months unreasonable). By waiting to assert fraud until they were sued on the Note and by paying the installments due on the note for almost two years after discovery of the alleged fraud, Defendants can no longer allege fraud as a basis for rescission.

Another prerequisite to allowing the remedy of rescission is the ability to restore the parties to the "status quo ante," or to each party's status before entering the contract. <u>See</u> <u>Frye Pulpwood Co. v. Ray</u>, 95 A. 1039, 1039, 114 Me. 272 (1915); <u>see also</u> <u>McAuliffe v. GMAC Mortgage Corp.</u>, 180 B.R. 336, 336-37 (D. Me. 1995); <u>Haynes v. Jackson</u>, 2000 ME 11, ¶7 n.3, 744 A.2d 1050, 1051 (citing <u>Masters v. VanWart</u>, 125 Me. 402, 407, 134 A. 539, 541-42 ("rescission is an equitable remedy which seeks to return the parties to the positions they were in prior to the agreement")); 2 DAN B. DOBBS, LAW OF REMEDIES § 9.3(3) (1993). Here, because the defendants have vacated the hotel, which has been sold in a foreclosure, Defendants cannot restore Plaintiff to status quo ante and therefore cannot rescind the contract.

For the two reasons stated above, Defendants has raised no genuine issue of material fact to defeat Plaintiff's Motion for Summary Judgment. However, because the factual and legal issues asserted in the counterclaims are closely connected with the complaint, the court cannot grant Plaintiff's request for M.R. Civ. P. 54(b) certification on the complaint. <u>See</u> <u>Dravo Corp. v. Regional Waste Sys., Inc.</u>, 632

5

A.2d 141, 142 (Me. 1993) (listing factors relevant to trial court's determination of "no just reason for delay;" vacating certification of claim where unadjudicated claims were factually and legally intertwined with adjudicated claim).

The entry is

Plaintiff's Motion for Summary Judgment on its Complaint is GRANTED.

Plaintiff's Request that the court enter a 54(b) certification of the complaint is DENIED.

Dated:        June 12, 2000

Robert E. Crowley
Justice, Superior Court

Date Filed __08/02/99__    CUMBERLAND    Docket No. __CV-99-434__
                              County

Action ___Contract___

VanLee Corp.                    Don A. Madden Sr., Don A. Madden Jr.,
                                John A. Madden, and Robert A. Madden

                                RUFUS BROWN, ESQ. (ALL DEFS)
                            vs. PO BOX 7530, PORTLAND, ME 04112-7530

Plaintiff's Attorney 774-7000          Defendant's Attorney ~~John Madden 850-651-9598~~
                                       ~~837 Choctaw Lane, Shalimar FL 32579~~
DANIEL CUMMINGS, ESQ                    ~~Karen Frink Wolf, Esq. (ALL)~~ w/d
PO BOX 4600                            ~~PO BOX 4726  761-0900  Robert Madden~~
PORTLAND ME 04112-4600                 ~~Portland, ME 04112~~ 829 ~~Choctaw Lane Shalima~~
                                       ~~HAROLD J. FRIEDMAN, ESQ (ALL) AND~~ 850-609-1260  FL 32579
                                       ~~EVAN SMITH ESQ (ALL)~~
                                       ~~Don A Madden Sr. 850-863-1900~~
                                       ~~229 Mooney Road, Fort Walton Beach FL 325~~

| Date of Entry | |
|---|---|
| | ~~Don A. Madden Jr. 850-243-2107~~ |
| | ~~321 Yacht Club Drive, Fort Walton Beach,~~ |
| | ~~3254~~ |

1999
August 02     Received 08/02/99:
              Plaintiff's Summary Sheet filed.
"      "      Plaintiff's Complaint filed.
"      "      Plaintiff's Motion for Attachment and Attachment on Trustee process
              filed.
"      "      Plaintiff's Memorandum of Law in Support of Motion for Attachment and
              Attachment on trustee process filed.
"      "      Affidavit of Joe Van Why with Exhibit A filed.

Aug. 04       Received 08-04-99:
              Order Approving Ex Parte Attachment and Attachment on Trustee Process
              filed. (Cole, J.)
              The court hereby APPROVES attachment and attachment on trustee process
              may be made ex parte against the property, goods, and credits of each
              of the Defendants, Don A. Madden Sr., Don A. Madden Jr., John A. Madden, and
              Robert A. Madden in the amount of $1,786,489.75.
"      "      On 08-04-99:
              Copy sent to Daniel Cummings, Esq.

Sept. 14      Received 9.13.99:
              Summons filed.
              Defendant, Don Madden, Sr, et al's served on 8.26.99.
"      "      Summons filed.
              Defendant, Don Madden, Jr., served on 8.26.99.
"      "      Summons filed.
              Defendant Robert Madden served on 8.26.99.
"      "      Summons filed.
              Defendant John Madden served on 8.26.99.

Sept. 16      Received 9-16-99.
              Defendants' Motion to Extend Time to Answer or Otherwise Respond to
              Plaintiff's Complaint filed.

STATE OF MAINE
CUMBERLAND, ss.

VANLEE CORP.,

Plaintiff

v.

DON A. MADDEN, SR.,
DON A. MADDEN, JR.,
JOHN A. MADDEN, and
ROBERT A. MADDEN,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-434
REC-CUM - 12/5/2000

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

## FACTUAL BACKGROUND

On July 1, 1997, VanLee Corp. and the Maddens executed an Agreement of Purchase and Sale for the Radisson Eastland Hotel. Plaintiff's Statement of Material Facts ¶ 1; Defendants' Amended Statement of Material Facts ("DSMF") ¶ 1. On October 22, 1997, each of the four defendants executed and delivered a promissory note in favor of VanLee in the amount of $1,700,000.00. DSMF ¶ 3. VanLee brought suit seeking amounts due and owing under the promissory note after the Maddens' default. The Maddens counterclaimed, alleging negligent misrepresentation, Count I, and fraud in the inducement, Count II. On June 12, 2000, this Court granted VanLee's Motion for Summary Judgment on its complaint. On August 7, 2000, VanLee moved for summary judgment on the Counterclaim.

## DISCUSSION

Summary judgment is properly granted if the Maddens have presented evidence that, if they presented no more, would entitle VanLee to a judgment as a

matter of law. See M. R. Civ. P. 56(c); Polk v. Town of Lubec, 2000 ME 152, ¶ 11, 756 A.2d 510, 513. The Maddens, as counterclaim plaintiffs, would bear the burden at trial on the negligent misrepresentation[1] and fraud[2] claims. To avoid summary judgment, the Maddens may not simply "rely on conclusory allegations or unsubstantiated denials, but must identify specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits to demonstrate either the existence or absence of an issue of fact." Id. (quoting Kenny v. Department of Human Servs., 1999 ME 158, ¶ 3, 740 A.2d 560, 562). A genuine issue of fact exists if there is sufficient evidence supporting the claimed factual dispute to require the factfinder to choose between the parties' differing versions of the truth at trial. Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

Inadmissible Hearsay

Evidence set forth in an affidavit in opposition to a motion for a summary judgment must be admissible. M.R. Civ. P. 56(e). See also Bahre v. Liberty Group, Inc., 2000 ME 75, ¶ 13, 750 A.2d 558, 561; Searles v. Trustees of St. Joseph's College, 695 A.2d 1206, 1210 n. 2 (Me. 1997). VanLee argues that because paragraphs 9, 10, and 13 in the Maddens' statement of material facts are based on hearsay and would

---

[1] For the Maddens to prevail on a claim of negligent misrepresentation, they must have relied upon VanLee's false representations to their pecuniary detriment. See Perry v. H.O. Perry & Son Co., 1998 ME 131, ¶ 5, 711 A.2d 1303, 1305.

[2] VanLee is liable for fraud if it (1) made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of its truth or falsity (4) to induce the Maddens to act in reliance upon it, and (5) the Maddens justifiably relied upon the representation as true and acted upon it to their detriment. See Francis v. Stinson, 2000 ME 173, ¶ 38, 760 A.2d 209, 217.

2

therefore be inadmissible at trial, this Court should disregard those "facts."

Paragraphs 9 and 10 in DSMF and the underlying affidavit of Don A. Madden, Jr. detail statements by Dana Morton to the Maddens regarding the inadequacy of the backup for the primary boiler at the hotel and code violations. DSMF ¶¶ 9, 10. These conversations are hearsay and do not fall into any of the enumerated exceptions in the rules of evidence. See M.R. EVID. 801-803. Paragraph 13 mentions an unsatisfactory review of the hotel by the Radisson Hospitality Worldwide and states "[i]t was clear to Radisson Hospitality Worldwide that the less than satisfactory performance review was the product of problems existing or created at the Radisson under the former Management." DSMF ¶ 13. The assertions in this paragraph are hearsay and do not fit into any of the enumerated exceptions. See M.R. EVID. 801-803. The copies of the performance reviews attached to the Madden Affidavit are also not excepted from the hearsay rule. See M.R. EVID. 801-803; Madden Aff. ¶ 17; Def.'s Ex. G & H.

Affiant's Lack of Personal Knowledge

"Conclusions of fact and law do not properly belong in an affidavit filed in support of a motion for summary judgment." Town of Orient v. Dwyer, 490 A.2d 660, 662 (Me. 1985). An opposing affidavit must show affirmatively that the affiant has personal knowledge of the material asserted. M. R. Civ. P. 56(e); Spickler v. Greenberg, 586 A.2d 1232, 1234 (Me. 1991). Conclusory assertions will not substitute for this showing of personal knowledge. Id.

VanLee argues that paragraphs 5 and 8 of the Maddens' statement of material

3

facts and the underlying affidavit paragraphs are improperly conclusory in nature. Paragraph 5 and Madden Affidavit paragraph 6 initially present background information about the Maddens' obligation under the promissory note. The third sentence then states "[u]nfortunately, due to the *express fraudulent misrepresentations* by the Seller...the Maddens simply could not operate the Radisson as they were informed by VanLee that they could..." DSMF ¶ 5; Madden Aff. ¶ 6. This statement is an improper legal conclusion. Likewise, paragraph 8 and Affidavit paragraph 11 presents an improper legal conclusion. Those paragraphs begin by describing the Maddens' expenditures in renovating the hotel. The affiant then concludes that those amounts were incurred "solely because of *misrepresentations* of the Plaintiff with respect to the soundness of the structure." DSMF ¶ 8; Madden Aff. ¶ 11. The Court will not consider these conclusory statements because they do not sufficiently establish the affiant's personal knowledge of these matters.

It is not established that paragraph 12 and Affidavit paragraph 16 are based on the affiant's personal knowledge as required by the Rules. See M.R. Civ. P. 56(e). That paragraph states "[c]ontrary to Plaintiff's express representation, the Maddens subsequently determined that the actual net income generated by the Radisson, under Plaintiff's management, was approximately $600,000 per year." DSMF ¶ 12; Madden Aff. ¶ 16. Nowhere in the Madden affidavit is it revealed how the affiant learned or determined that the actual net income generated by the Radisson under VanLee management was approximately $600,000 per year. See Spickler, 586 A.2d at

4

1234 (holding that the plaintiff's "personal knowledge" did not rise above the level of mere speculation, in part because the plaintiff's affidavit did not reveal how he learned of the alleged wrongdoing).

Affidavit paragraph 18, the foundation for paragraph 14, is not based upon the affiant's personal knowledge. That paragraph states "[i]t is my *belief*" that the Seller was aware of the poor conditions of the hotel. Madden Aff. ¶ 18. The affiant also states that he *believes* the Sellers falsely represented what they knew about the state of the hotel. Id. A belief by the affiant is not the equivalent of personal knowledge. Nothing in this paragraph shows that the affiant had any personal knowledge of VanLee's awareness of the hotel conditions or that VanLee falsely represented their knowledge. This paragraph is therefore not considered by the Court.

Lack of Genuine Issue

A party opposing summary judgment must identify "specific facts derived from the pleadings, depositions, answers to interrogatories, admissions and affidavits" to demonstrate the existence of an issue of fact. Polk, 2000 ME 152, ¶ 11, 756 A.2d at 513. The remaining paragraphs in the Maddens' statement of facts, paragraphs 6, 7 and 11, do not demonstrate the existence of an issue of fact. These paragraphs do not establish any misrepresentations, nor are they linked to any of VanLee's alleged wrongdoing.

Based on the remaining facts, VanLee would be entitled to a judgment as a matter of law at trial. Summary judgment in favor of the Plaintiff is therefore appropriate.

5

The entry is

Plaintiff's Motion for Summary Judgment on the Defendants' Counterclaim is GRANTED.

Dated at Portland, Maine this 5th day of December, 2000.

Robert E. Crowley
Justice, Superior Court

Date Filed __08/02/99__     __CUMBERLAND__     Docket No. __CV-99-434__
                                  County

Action    __Contract__

VanLee Corp.    DONALD L.     Don A. Madden Sr., Don A. Madden Jr.,
                    LAW        John A. Madden, and Robert A. Madden

**DEC 11 2000**

vs.   RUFUS BROWN, ESQ. (ALL DEFS)
      PO BOX 7530, PORTLAND, ME 04112-7530

Plaintiff's Attorney 774-7000

DANIEL CUMMINGS, ESQ
PO BOX 4600
PORTLAND ME 04112-4600

Defendant's Attorney ~~John Madden 850-651-9598~~
~~837 Choctaw Lane, Shalimar FL 32579~~
~~Karen Frink Wolf, Esq. (ALL)~~ w/d
~~PO BOX 4726 761-0900~~ ~~Robert Madden~~
~~Portland, ME 04112~~ 829 ~~Choctaw Lane Shalimar~~
~~HAROLD J. FRIEDMAN, ESQ (ALL) AND~~ FL 32579
850-609-1260
~~EVAN SMITH ESQ (ALL)~~
~~Don A. Madden Sr. 850-863-1900~~
~~229 Mooney Road, Fort Walton Beach FL 325~~

~~Don A. Madden Jr. 850-243-2107~~
~~321 Yacht Club Drive, Fort Walton Beach,~~
~~32548~~

| Date of Entry | |
|---|---|
| **1999** **August 02** | Received 08/02/99:<br>Plaintiff's Summary Sheet filed.<br>Plaintiff's Complaint filed. |
| "   " | Plaintiff's Motion for Attachment and Attachment on Trustee process filed. |
| "   " | Plaintiff's Memorandum of Law in Support of Motion for Attachment and Attachment on trustee process filed. |
| "   " | Affidavit of Joe Van Why with Exhibit A filed. |
| Aug. 04 | Received 08-04-99:<br>Order Approving Ex Parte Attachment and Attachment on Trustee Process filed. (Cole, J.)<br>The court hereby APPROVES attachment and attachment on trustee process may be made ex parte against the property, goods, and credits of each of the Defendants, Don A. Madden Sr., Don A. Madden Jr., John A. Madden, and Robert A. Madden in the amount of $1,786,489.75. |
| "   " | On 08-04-99:<br>Copy sent to Daniel Cummings, Esq. |
| Sept. 14 | Received 9.13.99:<br>Summons filed.<br>Defendant, Don Madden, Sr, et al's served on 8.26.99. |
| "   " | Summons filed.<br>Defendant, Don Madden, Jr., served on 8.26.99. |
| "   " | Summons filed.<br>Defendant Robert Madden served on 8.26.99. |
| "   " | Summons filed.<br>Defendant John Madden served on 8.26.99. |
| Sept. 16 | Received 9-16-99.<br>Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint filed. |